[Civ. No. 3957. First Appellate District, Division Two.—August 26, 1921.]

MARIA MACCHI etc., Respondent, v. AUGUSTINO LA ROCCA, Defendant and Appellant; FRANCISCO LA ROCCA, Intervener and Appellant.

[1] HUSBAND AND WIFE — ILLEGAL MARRIAGE — DIVISION OF ACCUMULATED PROPERTY.—Where a man and woman have acquired property while cohabiting as husband and wife under an illegal marriage, though strictly speaking there can be no community property, the same rule will be applied by analogy as would obtain under a valid marriage; and under such rule it is immaterial how much money the wife has actually contributed to the purchase of the property involved, because, if a legal wife, her interest in the community property would vest by reason of her services as a wife without contribution of any part of the actual purchase price of the property.

[2] PARENT AND CHILD—EARNINGS OF MINOR—PURCHASER OF PROPERTY BY FATHER — TRUSTS. — The father, being entitled to the earnings of his minor son, might use them as he sees fit; and in the absence of an express agreement such minor son acquires no interest in property purchased in part with his earnings, and no trust results in his favor.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Edward P. Shortall, Judge. Affirmed.

The facts are stated in the opinion of the court.

Jos. L. Taaffe for Defendant and Appellant.

Leon Samuels for Intervener and Appellant.

J. H. Morris for Respondent.

NOURSE, J.—Plaintiff commenced this action for an equal division of certain property acquired by defendant and herself during the period of an illegal marriage. Defendant answered, admitting the illegality of the marriage, the cohabitation of the parties during the period alleged, and the acquisition of the property, but denied that plaintiff contributed one-half of the purchase price thereof and alleged that plaintiff contributed but one-third of said pur-

chase price and that the remaining two-thirds was con-
tributed by defendant from his own earnings and from a
portion of the earnings of his minor son which had been
delivered to defendant during the period of cohabitation.
The defendant then prayed judgment awarding plaintiff an
undivided one-third interest in the property in suit and for
a determination of the respective rights of himself and son
in the remainder. This son filed a complaint in interven-
tion, setting up practically the same set of facts, and
prayed for an undivided one-third interest in the property.
Upon plaintiff's motion for judgment upon the pleadings,
judgment was entered in favor of plaintiff, awarding her
an undivided one-half interest in the property against both
defendant and the intervenor. From this judgment the
defendant and intervener appeal on the same record.

The facts admitted in the pleadings are that in Novem-
ber, 1906, plaintiff and defendant procured a marriage
license from the county clerk in the county of Santa Clara
and thereafter, without solemnization of any kind, lived
together as husband and wife until about the eighth day
of July, 1920, when plaintiff for the first time discovered
that their cohabitation had been illegal. During this period
the parties acquired a piece of property in San Francisco,
which they occupied as their home, and it is this property,
together with the household furniture and personal prop-
erty located therein, which is the subject matter of this liti-
gation. During the period of cohabitation both plaintiff
and defendant worked in various canneries and other es-
tablishments and contributed their earnings to the house-
hold expenses and the acquisition of this property. Plain-
tiff had a minor daughter by a former marriage, while the
defendant had two minor sons by a former marriage, these
children living for the greater part of the period with their
parents. They also worked from time to time and con-
tributed their earnings to their parents to help meet the
household expenses. It is alleged in the complaint that
during this period the plaintiff earned and turned over to
defendant the sum of $8,500, and that her minor daughter
during the last four years of the same period earned the
sum of $1,750, which was also turned over to the defend-
ant, and that a portion of said sum so contributed to the
defendant was used in the purchase of this property. On

the other hand, the defendant denied that he had received these sums, but alleged that the earnings of plaintiff which were turned over to him did not exceed the sum of $2,500, and that the earnings of plaintiff's minor daughter were received by her mother and at no time turned over to defendant. It is also alleged in the answer and in the complaint in intervention that plaintiff's minor son during this period earned approximately $5,600, and that the greater portion thereof was used by defendant in the purchase of this property. The value of the property in suit is admitted to be $8,500, with an outstanding indebtedness of $1,350.

The only issue raised by the answer is as to the amount of actual cash contributed by plaintiff and used by defendant in the purchase of the property. The only issue raised by the complaint in intervention is one of law purely, and that is the right of a father to use the earnings of his minor son without accounting therefor to the son.

The issue of fact raised by the answer is wholly immaterial to the determination of the case. [1] Where a man and woman have acquired property while cohabiting as husband and wife under an illegal marriage, though strictly speaking there can be no community property, the same rule will be applied by analogy as would obtain under a valid marriage. Under such rule it is immaterial how much money the wife has actually contributed to the purchase of the property involved, because, if a legal wife, her interest in the community property would vest by reason of her services as a wife and without contribution of any part of the actual purchase price of the property. Upon this point the case is controlled by *Coats* v. *Coats*, 160 Cal. 671, 675, [36 L. R. A. (N. S.) 844, 118 Pac. 441], and *Schneider* v. *Schneider*, 183 Cal. 335, [11 A. L. R. 1386, 191 Pac. 533].

[2] As to the rights of the intervener, his earnings while a minor automatically became the earnings of his father. (Sec. 197, Civ. Code.) The father, being entitled to the earnings of his son, might use them as he saw fit, and whether they were used to meet the household expenses or in the purchase of property was no concern of the son. In the absence of an express agreement (and none is pleaded), the minor son acquired no interest in

the property purchased in part with his earnings and no trust resulted in his favor.

Neither the answer nor the complaint in intervention raised a material issue of fact which would have required a trial, and judgment on the pleadings was, therefore, properly entered.

Judgment affirmed.

Langdon, P. J., and Sturtevant, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on October 21, 1921.

All the Justices concurred, except Shaw, J., who was absent.