[Civ. No. 2269.   Fourth Appellate District.—April 1, 1939.]

MARY C. SANTOS, Respondent, v. JOE SANTOS, Appellant.

Louis J. Coelho for Appellant.

J. C. C. Russell and Sidney J. W. Sharp for Respondent.

MARKS, J.—This is an action to establish a trust in a one-half interest in twenty-five acres of land and in personal property in Kings County, and to quiet plaintiff's title thereto. Besides answering the allegations of the complaint defendant filed a cross-complaint seeking to quiet his title to the real property and personal property. Judgment was entered in favor of plaintiff to the one-half interest in the property and this appeal followed.

Plaintiff is the widow of Proferio Rose, who died on September 24, 1922, leaving three minor children, the issue of that marriage. He left as the community property of himself and plaintiff the twenty-five acres of farming land involved here and some personal property of small value. The real estate was encumbered by a mortgage securing a note of $2,500 payable to M. Bell. On January 2, 1924, plaintiff was appointed administratrix of his estate. The real estate was appraised at $2,500.

On December 1, .1924, the parties to this action applied for a marriage license which was issued to them. Neither could speak English and they were not familiar with the marriage laws of California. Believing they were married they commenced living together as husband and wife. They separated about July 5, 1937. Three children were born to the couple during that time.

In 1926 Bell began to press for payment of his loan. Through probate proceedings the real estate was sold to defendant for $3,000 and $2,737.42 was paid to Bell (Manuel Bello) by defendant on about May 3, 1926, in satisfaction of the note and mortgage. The source of this money was as follows: $737.42 from a bank account standing in the name of defendant, and $2,000 on a loan from Manuel Thomas secured by a mortgage on the real property signed by both parties to this action.

The trial court found that "defendant had in excess of $1,300.00 at the time plaintiff and defendant commenced living together as husband and wife, and that said money was commingled with money produced by the ranch, and the money earned by plaintiff and her children by her former marriage. . . . "

Plaintiff testified that she kept house for the family; that she and her children by her first marriage worked on the ranch as laborers; that they worked for others; that their wages were principally turned over to defendant and deposited in his bank account; that in 1925 defendant sold crops from the ranch for at least $1400, which money was deposited in his bank account.

The trial court found that the $2,000 debt secured by the mortgage we have mentioned and a loan of $150 made for funds with which to improve the house on the property were paid by the joint efforts of plaintiff and defendant.

From the slightly more than $1300 separate funds that defendant had in his bank account on December 1, 1924, he paid a personal debt of about $200 in January, 1925, leaving about $1100 in this account. There is no satisfactory evidence showing how much of this money remained in that account on May 3, 1926. To whatever remained of these funds was added the earnings of plaintiff and of her older children and at least $1400 produced from the ranch in 1925, as well as the earnings of defendant, if any. Defendant could claim no interest in the earnings of the children as such earnings belonged to their mother, and certainly the income from the ranch in 1925 could not be claimed by defendant. He had no title to nor interest in it until May 3, 1926.

Any exact accounting between the parties was impossible. They were uneducated and kept no books of account. However, the foregoing evidence justified the trial court's conclusion that at least one-half of the initial payment on the purchase price, as well as one-half of the money used to pay the notes we have mentioned, was contributed by each of the parties to this action. We are informed that the estate of Proferio Rose has not been settled. Any adjustment, if necessary, in plaintiff's accounts as administratrix, may be settled by the probate court.

Defendant maintains that plaintiff cannot assert any interest in the property in question here because the law pro-

hibits an administratrix from either directly or indirectly selling estate property to herself; that if plaintiff was in fact a purchaser at the probate sale, such sale was void.

A similar question was before the Supreme Court in *Estate of Richards,* 154 Cal. 478 [98 Pac. 528], where it was urged that James Bennallack, one of the executors, was in fact a purchaser of property of the estate and that the sale was therefore void. In disposing of this question the Supreme Court said:

"As to the finding that James Bennallack, one of the executors, was in fact the purchaser at the sale of May 11, 1891, it is unnecessary to determine whether the evidence sustains it or not, because assuming it to be sustained (which is only an assumption for present purposes), still we are satisfied that the judgment based upon either or both of these findings (and there are no others which could support it) cannot be sustained. If plaintiff was not the purchaser, he at least succeeded to whatever rights James Bennallack had by the conveyance from himself and wife to plaintiff on May 8, 1897. If Bennallack was in fact the purchaser at the sale of this property in question, the purchase by him was not void but voidable only at the instance of those interested in the estate. (*Boyd* v. *Blankman,* 29 Cal. 19, 20 [87 Am. Dec. 146]; *O'Connor* v. *Flynn,* 57 Cal. 293; *Burris* v. *Kennedy,* 108 Cal. 331, 341 [41 Pac. 458].)"

The rights of the representative of the estate of Proferio Rose, as such, are not here involved and need not be decided. It is sufficient for the determination of the issues before us that the probate sale is not void and that it has not been attacked in any proper action. (*Estate of Madsen,* 31 Cal. App. (2d) 240 [87 Pac. (2d) 903].)

The question of the property rights of a man and woman living together as husband and wife without a legal marriage, in property acquired during the existence of that relation is not a new one in California. In *Macchi* v. *La Rocca,* 54 Cal. App. 98 [201 Pac. 143], the court said:

"Where a man and a woman have acquired property while cohabiting as husband and wife under an illegal marriage, though strictly speaking there can be no community property, the same rule will be applied by analogy as would obtain under a valid marriage. Under such rule it is immaterial how much money the wife has actually contributed to the purchase of the property involved, because, if a legal wife,

her interest in the community property would vest by reason of her services as a wife and without contribution of any part of the actual purchase price of the property. Upon this point the case is controlled by *Coats* v. *Coats*, 160 Cal. 671, 675 [36 L. R. A. (N. S.) 844, 118 Pac. 441], and *Schneider* v. *Schneider*, 183 Cal. 335 [11 A. L. R. 1386, 191 Pac. 533]."

The same rule was applied in *Bacon* v. *Bacon*, 21 Cal. App. (2d) 540 [69 Pac. (2d) 884,] where the man and woman cohabited together for ten years without the benefit of a marriage ceremony.

These cases are decisive of the questions presented on this appeal. Defendant cannot be permitted to accept the labor, earnings, society and companionship of plaintiff for more than twelve years and retain for himself all the fruits of their labors and savings.

The judgment is affirmed.

Barnard, P. J., and Griffin, J., concurred.