[Civ. No. 21404. Second Dist., Div. Three. July 2, 1956.]

IRENE E. CALDWELL, Appellant, v. JESSIE VICTORIA ODISIO et al., Respondents.

Irving H. Green and S. M. Dana for Appellant.

William W. Waters and Crider, Tilson & Ruppe for Respondents.

SHINN, P. J.—The present litigation arose out of a collision on February 1, 1953, involving four automobiles. Irene Caldwell, plaintiff in the present action, was riding in a car operated by her husband Glenn E. Caldwell which came into collision with a car driven by Jessie Victoria Odisio; also involved was one operated by John William Nevarov and another operated by Deanna Jennie Bissiri. Mrs. Caldwell sued defendants Odisio, Nevarov and Bissiri and his

wife, all of whom answered the complaint. The Nevarovs, John, Anna and infant son, sued Caldwell, and perhaps others. The two actions were consolidated for trial. We are concerned only with the appeal of Mrs. Caldwell from an adverse judgment in her action, which was entered April 25, 1955. It was a jury trial in which the defendants pleaded the defense of contributory negligence of Glenn E. Caldwell and alleged that at the time of the accident he and plaintiff were husband and wife. Plaintiff offered in evidence an agreement entered into December 23, 1953, by herself and Caldwell by which each waived and relinquished any claim to an interest in any recovery of damages by the other for injuries received in the accident and agreed that the same should be the separate property of the one who gained a recovery. She also offered in evidence a decree of a California court granted November 26, 1954, which annulled her marriage to Caldwell. The decree made no mention of property rights. She offered to prove that Caldwell had remarried. Objections to these several offers were sustained. At the request of the defendants the court instructed that the negligence of Caldwell, if any, would be imputed to plaintiff and if it contributed proximately to her injury, would bar a recovery by her.

The question on the appeal is whether these rulings and the instruction constituted prejudicial error. "All property of the wife, owned by her before marriage, and that acquired afterwards by gift, bequest, devise or descent, with the rents, issues, and profits thereof, is her separate property." (Civ. Code, § 162.) The husband has a corresponding ownership. (§ 163.) "Community property is property acquired by husband and wife, or either, during marriage when not acquired as the separate property of either." (§ 687.) Such has been the statutory law since 1872.

It has been held in numerous cases from *McFadden* v. *Santa Ana etc. R. Co.*, 87 Cal. 464 [25 P. 681, 11 L.R.A. 252] to the present time that sums recovered as damages by husband and wife for personal injuries constitute community property, as property acquired during the marriage otherwise than as separate property. This classification results from the interpretation the courts have given to the code definitions of separate and community property. (Civ. Code, §§ 162, 163, 687.) The cases also hold that the negligence of one spouse, which proximately contributes to an injury to the other, is imputable to the latter in a suit for damages and, if

proven, bars a recovery. The reason, and the only reason, for this rule is that to permit a recovery in which the negligent spouse would have a community interest would violate the rule that one may not profit through his own wrong. (*Kesler* v. *Pabst,* 43 Cal.2d 254 [273 P.2d 257].) These rules have been applied in cases of valid marriages where the interests of the parties are governed by the community property system. The respective rights of the parties are fixed by statute.

So far as we are advised the reviewing courts have not had occasion to consider the crucial question presented by the present appeal, namely, whether in the case of a voidable marriage, duly dissolved, the rule of imputed negligence has application. It is a narrow question, namely, whether the husband has an interest in the recovery by the wife of damages for her personal injuries, when her injuries were proximately caused by his negligence.

The marriage being invalid, there is no community interest in property accumulated during the marriage. (*Coats* v. *Coats,* 160 Cal. 671, 678 [118 P. 441, 36 L.R.A. N.S. 844]; *Schneider* v. *Schneider,* 183 Cal. 335, 341 [191 P. 533, 11 A.L.R. 1386]; *Flanagan* v. *Capital Nat. Bank,* 213 Cal. 664, 666 [3 P.2d 307]; *Feig* v. *Bank of Italy,* 218 Cal. 54, 56 [21 P.2d 421]; *Feig* v. *Bank of America,* 5 Cal.2d 266, 273 [54 P.2d 3]; *Santos* v. *Santos,* 32 Cal.App.2d 62, 65 [89 P.2d 164]; *Macchi* v. *La Rocca,* 54 Cal.App. 98, 100 [201 P. 143]; *Baskett* v. *Crook,* 86 Cal.App.2d 355, 359-360 [195 P.2d 39]; *Estate of Foy,* 109 Cal.App.2d 329, 332 [240 P.2d 685].)

The respective claims of the parties to property are only those which derive validity from principles of equity and justice. Those principles do not permit one of the parties to keep all the property that has been acquired through the joint efforts of both. There must be a fair division. (*Goff* v. *Goff,* 52 Cal.App.2d 23 [125 P.2d 848]; *Sancha* v. *Arnold,* 114 Cal.App.2d 772 [251 P.2d 67, 252 P.2d 55]; *Coats* v. *Coats, supra,* 160 Cal. 671; *Feig* v. *Bank of Italy, supra,* 218 Cal. 54; *Sanguinetti* v. *Sanguinetti,* 9 Cal.2d 95 [69 P.2d 845, 111 A.L.R. 342]; *Santos* v. *Santos, supra,* 32 Cal. App.2d 62.)

Likewise the man will not be permitted to unduly profit from the services rendered by the woman. In an action brought by her she will be awarded compensation equal to the value of her services in excess of what she has received in the way of support and maintenance. (*Coats* v. *Coats, supra,* 160 Cal. 671; *Sanguinetti* v. *Sanguinetti, supra,*

9 Cal.2d 95, 100; *Mixer* v. *Mixer*, 2 Cal.App. 227 [83 P. 273]; *Marsh* v. *Marsh*, 79 Cal.App. 560 [250 P. 411]; *Taylor* v. *Taylor*, 66 Cal.App.2d 390, 398 [152 P.2d 480]; *Lazzarevich* v. *Lazzarevich*, 88 Cal.App.2d 708 [200 P.2d 49].)

▆ As a general rule, in the division of property the courts have used as a fair basis the principles of the community property system and the property has been divided as in the cases of valid marriages. (*Coats* v. *Coats, supra,* 160 Cal. 671; *Schneider* v. *Schneider, supra,* 183 Cal. 335; *Macchi* v. *La Rocca, supra,* 54 Cal.App. 98; *Figoni* v. *Figoni,* 211 Cal. 354, 357 [295 P. 339]; *Feig* v. *Bank of Italy, supra,* 218 Cal. 54, 58; *Feig* v. *Bank of America, supra,* 5 Cal.2d 266, 273; *Sanguinetti* v. *Sanguinetti, supra,* 9 Cal.2d 95, 99; *Marsh* v. *Marsh, supra,* 79 Cal.App. 560; *Santos* v. *Santos, supra,* 32 Cal.App.2d 62, 65; *Goff* v. *Goff, supra,* 52 Cal.App. 2d 23, 30; *Blache* v. *Blache,* 69 Cal.App.2d 616, 624 [160 P.2d 136]; *Blache* v. *Blache,* 78 Cal.App.2d 168 [177 P.2d 345]; *Estate of Krone,* 83 Cal.App.2d 766, 769 [189 P.2d 741]; *Lazzarevich* v. *Lazzarevich, supra,* 88 Cal.App.2d 708.)

Without further discussion of these principles we need only say that while they are well established they merely lead up to the decisive question we have previously stated.

▆ It is inherent in the arguments of respondents that the parties to an invalid marriage have the same rights in the accumulated property as are enjoyed by the parties to a valid marriage. In this they are mistaken. The latter are statutory and in some instances inflexible, whereas in the former, the respective claims are recognized only to the extent that they are seen to be just and fair.

Although it has been said that the woman, party to an invalid marriage, earns her interest by her wifely services and that the court will no more inquire into her contribution of money than it would under the community property laws (*Macchi* v. *La Rocca, supra,* 54 Cal.App. 98), this is merely an application of the rule that property acquired by the joint efforts of the parties will be equally divided.

We are not concerned with what would generally be a fair division, if any, between a man and a woman, parties to an invalid and dissolved marriage, of sums recovered by one or the other for personal injuries. Our concern is with the possible interest of a husband whose negligence contributed to the wife's injuries; and we say he can have none.

▆ In the first place, although a recovery of damages is recognized by the cases as property acquired during the

marriage, and, hence, within the statutory definition of community property, such a recovery is not property acquired through the joint efforts of the parties, which is the equitable feature the courts have recognized as usually calling for an equal division of property acquired by the parties to an invalid marriage.

In the second place, and as a conclusive answer to the argument in favor of the imputed negligence rule, is the fact that if the negligent husband were permitted to share in the wife's recovery to any extent he would be profiting through his own wrong. It is solely because of this principle that the spouse who has a statutory community interest in a recovery by the other will be barred therefrom if he has been guilty of negligence, even though the claims of the innocent wife will thereby be defeated. But where it would be unconscionable for a husband to share in a recovery by his wife for injuries caused by his negligence, there is no reason whatever for imputing his negligence to her. Equity decrees that the recovery, if any, will belong to her alone, since to require her to share it with her husband would be a gross injustice to her, as well as a forbidden windfall to him. The rule that the husband will not be permitted to profit through his own wrong has been deemed a controlling reason for use of the rule of imputed negligence where the recovery would be community property. It must likewise be controlling where the recovery belongs solely to the wife, not because she holds it under separate property title, but because she has a right to receive it and no duty to divide it with her husband.

In view of our conclusion that Mr. Caldwell could not share in any sum recovered by Mrs. Caldwell, his purported relinquishment was meaningless and we have had no occasion to consider it.

It was error to give the instruction on imputed negligence and to exclude from evidence the decree of annulment.

The judgment is reversed.

Wood (Parker), J., and Vallée, J., concurred.

A petition for a rehearing was denied July 24, 1956.