JOHN C. CHOATE AND BRUCE HUTCHESON, APPEL-
LANTS, *v.* RICHARD RANSOM AND LARHEE
RANSOM, RESPONDENTS.

No. 4054

March 31, 1958.                323 P.2d 700.

*Vargas, Dillon and Bartlett* and *Alexander A. Garro-
way,* of Reno, for Appellants.

*Grubic, Drendel and Bradley,* of Reno, and *Jon R.
Collins,* of Ely, for Respondents.

## OPINION

By the Court, MERRILL, J.:

Upon this appeal we are concerned with the conditions under which a husband's contributory negligence will be imputed to his wife. The action was brought by respondents as plaintiffs below for injuries resulting from an automobile collision which occurred about 45 miles west of Ely, Nevada, on November 15, 1955. The road was icy and was posted for chains. Respondents, eastbound in an automobile which was towing a house trailer, stopped on an upgrade to repair a tire chain. Appellants, eastbound in an automobile which was towing a jeep, attempted to pass. They had not put on chains and were unsuccessful. Between the two cars the road was blocked. A truck, westbound, was unable to stop on the downgrade and collided with respondents' car, causing damage to the car and trailer and personal injuries to LaRhee Ransom. This action was brought in Washoe County against appellants and the truck operators.

Respondents are husband and wife and at the time of the accident were residents of Idaho. The defense of contributory negligence was asserted by the defendants. Following trial the jury verdict specifically found

that appellants were guilty of negligence, that respondent Richard Ransom was guilty of contributory negligence, that the operators of the truck were not guilty of negligence and that respondent LaRhee Ransom was not guilty of contributory negligence. The verdict awarded LaRhee Ransom damages against these appellants in the sum of $5,706.61. From judgment to that effect this appeal is taken.

Appellants contend that the law of Idaho, the state of domicil, must control as to the nature (as community or separate property) of Mrs. Ransom's right to recovery; that under Idaho law such right and any recovery under it are community property; that under these circumstances the contributory negligence of the husband must be imputed to the wife and bar her from recovery.

In opposition respondents contend (1) that Idaho law is not material to the case and that under Nevada law the contributory negligence of the husband is not imputable to the wife; (2) that in any event Idaho law is not properly before this court in that it has not been established as an issue or proven as a fact.

With reference to the imputation of contributory negligence the rule generally followed in community property states has been set forth in Caldwell v. Odisio, 142 Cal.App.2d 732, 299 P.2d 14, 16 as follows, "The cases * * * hold that the negligence of one spouse, which proximately contributes to an injury to the other, is imputable to the latter in a suit for damages and, if proven, bars a recovery. The reason, and the only reason, for this rule is that to permit a recovery in which the negligent spouse would have a community interest would violate the rule that one may not profit through his own wrong." In Bruton v. Villoria, 138 Cal.App.2d 642, 292 P.2d 638, 640 the same reason for the rule is given and there the court further points out, "The cases recognize that if the husband has no interest in the recovery there is no reason for giving effect to his contributory negligence as a bar to the wife's recovery for her own personal injuries."

Nevada, as respondents assert, does not follow the general rule of the community property states with reference to the imputation of contributory negligence. In F. & W. Construction Co. v. Boyd, 60 Nev. 117, 102 P.2d 627 this court held that a recovery by a married person for personal injuries is the separate property of that person, being "compensation for an injury to the person which arises from the violation of the right of personal security, which said right the wife brings to the marriage." (60 Nev. 121, 102 P.2d 629.) This court then stated (60 Nev. 123, 102 P.2d 629), "From what has been said, it follows that the contributory negligence of the husband cannot be imputed to the wife in this state." (We may note that since the Caldwell and Bruton cases, California through legislation has adopted this rule. Calif. Civil Code, sec. 163.5; added in 1957.)

The universal rule may, then, be stated in this manner: Where the recovery of a married person for personal injuries is community property, the contributory negligence of the spouse is imputable to the injured person; where such recovery is the separate property of the injured person, contributory negligence of the spouse is not imputable. Whether contributory negligence is or is not imputable must, then, depend in each case upon the nature of the recovery as community or separate property.

In the case before us the fact that the injury occurred in Nevada does not establish the nature of the recovery as separate property in accordance with the laws of this state. The nature of the rights of married persons in personal property acquired during marriage is determined by the laws of that state which is the matrimonial domicil of the parties at the time the property is acquired. See Restatement of the Law, Conflict of Laws, sec. 290. This well-recognized rule has been specifically applied to the right of recovery for personal injuries. In Bruton v. Villoria, supra, it is stated, "Defendants

contend that the law of plaintiff's domicile is inapplicable because her cause of action arose in California, but this contention is exactly contrary to the settled rule. The principle that the law of the domicile is controlling as to the ownership of personal property necessarily excludes from consideration the laws concerning ownership of other jurisdictions in which the property may be acquired." To the same effect are Jaeger v. Jaeger, 262 Wis. 14, 53 N.W.2d 740; Williams v. Pope Mfg. Co., 52 La.Ann. 1417, 27 S. 851, 50 L.R.A. 816.

Since, at the time of their accident, the Ransoms were domiciled in Idaho, we must look to the law of that state to determine whether LaRhee Ransom's right of recovery is community or separate property.

At this point we reach respondents' second contention: that the law of Idaho is not properly before this court because of deficiencies of pleading and proof and that we must therefore presume it to be similar to the law of Nevada. In considering this contention we must first examine the nature of foreign law. Is it a matter of fact or a matter of law?

At common law it was generally held that foreign law was a question of fact and that as such its existence was to be determined by the jury. In the absence of statute such has generally been the holding in this country and the rule has been applied to the laws of other states as well as to the laws of foreign countries. See 9 Wigmore on Evidence (3d ed.), sec. 2558, footnote 1, at page 525. The precise issue has never come before this court and we feel this to be an opportune time to attempt a sensible and realistic disposition of the problem.

That certain *language* has been incorporated into a statutory enactment or authoritative court opinion may indeed be a "fact." The legal significance of that language, however, involves a question of law. A determination of the state of the law in a foreign jurisdiction remains essentially a question for the judge rather than

for the jury. Therefore, if "facts" necessary to the determination are to be presented to the trial court, such presentation should be made to the judge and need not be made to the jury. Saloshin v. Houle, 85 N.H. 126, 155 A. 47; Hooper v. Moore, 5 Jones L. (N.C.) 130; See Wigmore, supra, sec. 2558. The sense of such rule is emphasized when one recognizes that the "factual" aspect of such determination is decidedly limited and that it would be a rare case where "factual" disputes upon the language of the law could not be positively resolved by the judge.

In the case at bar it is contended by respondents that the "facts" were not presented to the trial court. In the first place, it is contended, statutes and court opinions of Idaho were not pleaded. Geller v. McCown, 64 Nev. 102, 177 P.2d 461, 178 P.2d 380, and McCown v. Geller, 67 Nev. 54, 214 P.2d 774 are cited as authority for the rule that foreign law must be pleaded if reliance is to be placed upon the fact that it differs from the law of Nevada. The Geller case in both instances was before this court upon a determination of the sufficiency of a complaint to state a cause of action. There had been no opportunity for deficiencies in pleading to be cured by a subsequent presentation of the facts. In the instant case, following the close of testimony, the nature of Idaho law was presented to the trial judge by appellants' counsel with the contention that it should be made applicable to the case at bar.

Rule 15 (b) NRCP provides, "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues."

In this case no objection was made to the presentation of foreign law nor was any request made for an opportunity to refute appellants' presentation. It is thus clear

that any deficiency in the pleading of foreign law was cured by subsequent trial proceedings.

In the second place, respondents contend, statutes and court opinions of Idaho were not properly presented to the trial court in that they were not proven in accordance with the rules of evidence.

In our view it is time that we recognize that the statutes and reported court opinions of our sister states are a proper subject for judicial notice. Some states have apparently found it difficult to reach this conclusion. With reference to their troubles Dean Wigmore has bitingly remarked, "Most of the foregoing quiddities are thoroughly unpractical. The judges manipulate an esoteric logical dream-machine which has caused them to forget the world of reality. Judicial power should be used to get at the facts more directly and candidly. The professional common sense, fortunately, began some time ago to revolt at the needless expenditure of effort involved in compelling formal proof of what was in most instances virtually indisputable. Particularly absurd was the technical insistence on treating the states of the Union as foreign to each other. No one would demand that a court take judicial notice of foreign systems of law in foreign languages. But the laws of other states of the Union  *  *  *  can ordinarily be brought to a court's attention, through diligence of counsel and conciliatory stipulation, without formal proof under the rules of evidence." Wigmore, supra, sec. 2573, at page 558.

With reference to the process of judicial notice generally, Dean Wigmore points out that the judge may seek sources of information to assist him. "Naturally, in this process of consulting sources of information, *counsel* on either side are entitled to *offer materials* containing the information; though the judge may or may not rely upon them or use them. Moreover, the judge may *request* such assistance from counsel; and for lack of such assistance, he may decline to notice the desired fact." Wigmore, supra, sec. 2568a, at page 537.

In the court below, appellants' counsel, prior to submission of his case, directed the judge's attention to the statute law of Idaho. Later, in argument upon instructions, reference was made to the case law of Idaho. Counsel did not formally request that the judge take judicial notice of Idaho law, which might have been the better procedure. However, the issue of foreign law was timely presented for determination by the judge and information was offered; and the record does not disclose that the matter of procedure was the subject of objection.

We conclude that the law of Idaho was properly before the trial court and is before us on this appeal. Judicial notice discloses that the law of Idaho differs from that of Nevada upon the nature of a recovery for personal injuries; that in Idaho such recovery is community property. Swager v. Peterson, 49 Ida. 785, 291 P. 1049; Giffen v. Lewiston, 6 Ida. 231, 55 P. 545. See also: Lorang v. Hays, 69 Ida. 440, 209 P.2d 733; Sprouse v. Magee, 46 Ida. 622, 269 P. 993; Muir v. Pocatello, 36 Ida. 532, 212 P. 345; Labonte v. Davidson, 31 Ida. 644, 175 P. 588; Lindsay v. Oregon Short Line Ry., 13 Ida. 477, 90 P. 984, 12 L.R.A. (N.S.) 184.

This being so, as we have heretofore discussed, any recovery by the wife in the case at bar would be community property under the law of Idaho as the matrimonial domicil. The negligence of the husband being a contributing cause of the injury, a recovery cannot be permitted which would bestow upon him, through a community interest, a profit for his own wrongful act. Accordingly, the contributory negligence of the husband is attributable to the wife and bars her right to a recovery for the community.

Reversed and remanded with instructions that judgment for LaRhee Ransom be set aside and that judgment be entered in favor of appellants.

BADT, C. J., and EATHER, J., concur.