BOWES, Judge.
In this suit, plaintiffs appeal a judgment of Division “C” of the district court refusing to annul a judgment rendered against them in a prior case in the 24th Judicial District Court. We affirm the trial court’s action.
Hibernia National Bank filed suit against John Andrew Langford, individually, in the *1230 previous case to recover $848,904.39 in overdrafts on Mr. Langford’s NOW account with Hibernia. Hibernia amended its petition to include the plaintiffs herein, claiming that Drew Development Company, Inc., Dreux Ltd. and Langford Realty Company were alter egos of John Langford and were therefore liable, in solido, with Lang-ford, for the payment of any judgment rendered against Mr. Langford individually. The bank sought preliminary and permanent injunctions against the alleged “alter ego” corporations, prohibiting them and their agents from disposing of any assets so as to preserve any funds which may have been funnelled into the corporations from the Hibernia account. In response to Hibernia’s actions, the corporations filed, on February 8, 1982, exceptions of “No Cause and/or Right of Action.” On March 10, 1982, the trial for the issuance of the preliminary injunction was conducted and, after a hearing on the merits, the injunction was granted. Almost two months later, the trial court confirmed a default taken against these defendants.
Prior to the taking of this default-judgment, Dreux, Ltd. had filed bankruptcy proceedings on March 2, 1982, which would have effectively precluded the taking of said judgment. However, the record contains a judgment of the Bankruptcy Court which effectively lifted the stay order on April 7, 1982, and allowed Hibernia to proceed to a money judgment against Dreux, Ltd.
Appellants sought, in this suit to annuli, to attack the previous default judgment rendered by Judge Burns, alleging that the above-mentioned exceptions were outstanding at the time judgment was rendered and that there was a stay order issued by the U.S. Bankruptcy Court, staying the proceedings in the 24th Judicial District Court. Judge Grefer, after a trial on appellants’ petition, rejected their demands and found in favor of appellee, Hibernia.
Article 2002 of the Louisiana Code of Civil Procedure provides that judgments may be annulled for vices of form. The pertinent part of that article reads as follows: “A final judgment shall be annulled if it is rendered: ... (2) Against a defendant who has not been served with process as required by law and who has not entered a general appearance, or against whom a valid judgment by default has not been taken; ...
Appellants allege that default judgment rendered by Judge Burns on May 6, 1982, is invalid because there existed outstanding exceptions (those listed supra) at the time of the judgment.
L.S.A.C.C.P. article 2593 states:
A summary proceeding may be commenced by the filing of a contradictory motion or by a rule to show cause, except as otherwise provided by law.
Exceptions to a contradictory motion, rule to show cause, opposition, or petition in a summary proceeding shall be filed prior to the time assigned for, and shall be disposed of on, the trial. An answer is not required, except as otherwise provided by law.
No responsive pleadings to an exception are permitted.
Ergo, under the laws of Louisiana, a separate fixing for a hearing of the exceptions of no cause and/or right of action was not allowed prior to a hearing of a summary proceeding such as the hearing on a preliminary injunction.
Such being the law, petitioners’ exceptions of no cause and/or right of action were necessarily referred to the trial on the merits of the preliminary injunction which was held on March 10, 1982. Attorney for appellants was present in court at the time of the trial of the preliminary injunction and neither argued nor sought a ruling on the exceptions.
Therefore, as a matter of law, the exceptions were waived. Louisiana jurisprudence consistently reports that if a party, who has filed exceptions, does not insist on a trial of and ruling on his exceptions when he appears for a trial on the merits, his exceptions are considered to have been abandoned. Williams v. Vidrine, 330 So.2d 396 (La.App. 3rd Cir.1976); Oil Pur *1231 chasers, Inc. v. Kuehling, 321 So.2d 17 (La.App. 3rd Cir.1975); Ford Motor Credit Company v. Soileau, 323 So.2d 221 (La.App. 3rd Cir.1975).
In Normand Company v. Abraham, 176 So.2d 178 (La.App. 4th Cir.1965), in a case involving the trial of a summary matter (a motion for summary judgment) to which exceptions had been filed, the judges of our neighboring circuit applied the aforementioned jurisprudence when they held as follows:
[6,7] However, defendants appeared through counsel when the motion was called for hearing on December 11, without objection. No mention was made of the pending exception, either in the minutes or the judgment. It was not overruled, as defendants stated in their brief. If it was not acted upon because of oversight, it was the responsibility of defendants’ counsel to call it to the court’s attention. We do not think defendants’ counsel had any such thought or intent at the time, but to allow him now to take advantage of a situation created by his own silence, intentionally or otherwise, would not only be unjust but a danger- ' ous precedent. It appears from the pertinent portion of the judgment above quoted that defendants abandoned and waived any rights they might have had under the exception. The judgment clearly indicates that the defendants appeared through their attorney and opposed the motion on its merits. If defendants’ counsel had any objection to hearing the motion on its merits on December 11, none is recorded. Had he called upon the court first to pass on the exception before submitting to a hearing on the merits of the motion, his rights thereunder would have been protected. His failure to do so was a waiver of his objection to the form of service. Had the judgment been one rejecting the motion for summary judgment, defendants’ counsel would not have been heard to complain that his clients had not been served properly. We will not hear his complaint now, after he took his chances on the merits and lost.
The case before this court closely parallels Normand (supra). In both cases, a summary proceeding was set for trial, exceptions were filed prior to the proceeding, and the party who filed the exceptions failed to call said exception to the court’s attention before or during the summary proceeding. Thus, the Fourth Circuit held that a trial of a summary matter which effectively disposes of the exceptions, is a trial on the merits for the purposes of article 2593. We agree and hold that the same applies, under the circumstances of this case, to the trial of the motion for the preliminary injunction as the exceptions were necessarily disposed of by that judgment.
We also agree with the opinion of the learned trial judge, and with Normand, that it was the responsibility of counsel for defendant, who filed the exceptions, to call said exceptions to the court’s attention at the time of the trial of the injunction and request a ruling thereon. Since he did not see fit to do so, we hold that he should not now be allowed to take advantage of a situation created by his own silence, intentionally or otherwise.
In addition, the trial for the issuance of the preliminary injunction, a summary proceeding, warrants (in light of C.C.P. art. 2593) the conclusion that it was necessary for the trial judge to consider and dispose of the exceptions before rendering his judgment. The prayer for the injunction was based upon the premise that the appellant corporations were (and are) the alter egos of Mr. Langford. The exceptions filed on behalf of appellants questioned this premise. In order to render a decision against the corporations, granting the injunction, the trial judge, by necessity, had to find the exceptions without merit. Since the injunction did issue, the basis óf appellants’ exceptions (that there was no proof that the corporations were the alter egos of Mr. Langford) had to have been rejected by the court or the injunction could not have been issued.
*1232 It is academic whether this court considers the exceptions abandoned or overruled. If, in fact, they were abandoned, then certainly no exceptions were outstanding when the default judgment was rendered. On the other hand, if they were overruled by the trial judge at the trial of the injunction, then appellants had ten days from that time (March 10, 1982) to file an answer (L.S.A.C.C.P. article 1001). Appellants filed no answer and the preliminary default entered on April 28, 1982, confirmed and made final on May 6, 1982, was properly taken.
Accordingly, the judgment of the trial court is affirmed. Appellants are to bear all costs of this appeal.
AFFIRMED.