ROBERT J. POWERS, APPELLANT, v. CECELIA ANN POWERS, RESPONDENT.

No. 18804

September 6, 1989                    779 P.2d 91

[Rehearing denied November 30, 1989]

*John Peter Lee* and *Daniel Marks*, Las Vegas, for Appellant.

*Ecker & Standish*, Las Vegas, for Respondent.

**OPINION**[1]

By the Court, YOUNG, C. J.:

On June 2, 1962, appellant Robert Joseph Powers and respondent Cecelia Ann Powers were married in the State of New York. In 1968, Robert began working for the New York City Department of Corrections. In 1974, Robert underwent an operation to remove a cyst from his knee. During the operation a nerve was severed in his knee causing him to have a condition known as drop foot. As a result of the injury, a medical board determined that Robert was disabled and he was required to retire from the Department of Corrections in 1979.

Robert was not eligible for retirement benefits, but was eligible for disability retirement benefits. Several different disability retirement options were available. Robert and Cecelia chose the option that paid a benefit for Robert's life. The Powers then moved to Las Vegas. In 1987, Cecelia filed for divorce. The Powers could not agree on the distribution of their assets, including whether the disability retirement benefits were community or separate property and whether Cecelia should receive spousal support.

On December 15, 1987, the district court filed its decision regarding the character of the disability retirement benefits and spousal support. The district court reasoned that the payments appeared to be substantially related to Robert's employment. The district court noted that a portion of the payment could be viewed as compensation for lost earnings, but could not determine the amount. The district court found that the persuasive case law characterized benefits which were products of employment as community property. The district court relied on Simmons v. Simmons, 568 S.W.2d 169 (Texas Civ.App. 1978) and Guy v. Guy, 560 P.2d 876 (Idaho 1977). The district court stated that had

---

[1]THE HONORABLE ROBERT E. ROSE, Justice, voluntarily recused himself from the consideration of this case and took no part in its disposition.

it not characterized the disability retirement benefits as community property, it would have awarded alimony. This appeal followed.

Robert contends that New York law should govern whether the disability retirement benefits are divisible upon divorce, because the benefits were earned and awarded in New York. A party may not raise a new theory for the first time on appeal, which is inconsistent with or different from the one raised below. *See* Tupper v. Kroc, 88 Nev. 146, 494 P.2d 1275 (1972). Robert argued below that the disability benefits were his separate property under New York law and that New York law was in accord with community property laws.

Community property jurisdictions have generally determined that disability retirement benefits may contain two components.[2] New York law also recognizes that disability benefits may contain two components. *See* Musumeci v. Musumeci, 506 N.Y.S.2d 629 (N.Y.Sup.Ct. 1988). In the instant case, the district court determined that Robert's disability benefits contained two components, one of which was a retirement benefit. Robert did not provide the district court with any authority to the contrary. Robert may not argue for the first time on appeal that the disability benefits did not contain a retirement component, which is subject to distribution upon divorce.

Accordingly, we affirm the decision of the district court.

STEFFEN and SPRINGER, JJ., concur.

MOWBRAY, J., dissenting:

Respectfully, I dissent.

Robert Powers adequately made his record below and his contentions have merit. Respondent conceded during oral argument that New York law governs the characterization of Robert's disability benefits. The character of marital property does not change because a husband and wife move to another jurisdiction. Restatement (Second) of Conflict of Laws § 259 (1971). The law of the domiciliary state at the time property is acquired controls its characterization as either separate or community property. *See* Choate v. Ransom, 74 Nev. 100, 323 P.2d 700 (1958). The domicile at the time retirement benefits vest determines whether

---

[2]*See* In re Marriage of Saslow, 710 P.2d 346 (Cal. 1985) (holding that disability benefits may be part replacement of earnings and part retirement); In re Marriage of Kittleson, 585 P.2d 167 (Wash.App. 1978) (holding that disability benefits may be compensation for injury and part retirement); In re Marriage of Anglin, 759 P.2d 1224 (Wash.App. 1988) (holding that disability benefits may be part replacement of earnings and part retirement); In re Marriage of Kosko, 611 P.2d 104 (Ariz.App. 1980) (recognizing that disability benefits may be part retirement and part replacement of earnings).

they are divisible upon divorce. *See* Gilbert v. Gilbert, 442 So.2d 1231 (La. 1984) (determining that federal civil service disability retirement benefits which vested while in Georgia were subject to Georgia's equitable distribution law). It is undisputed that Robert earned and was awarded the disability retirement benefits while he and Cecelia were domiciled in the State of New York. Therefore, New York law governs the divisibility of Robert's disability benefits.

In New York, disability benefits differ from retirement benefits in that they are considered compensation for personal injuries and therefore separate property. West v. West, 475 N.Y.S.2d 493 (N.Y.App.Div. 1984). However, when a person has a choice between vested retirement benefits and disability benefits and chooses disability benefits, the disability benefits are characterized as retirement benefits to the extent that the person could have chosen the vested retirement benefits. *See* Musumeci v. Musumeci, 506 N.Y.S.2d 629 (N.Y.Sup.Ct. 1986). But, where retirement benefits are not vested and the party is entitled only to disability benefits, they are viewed as being awards for personal injury and as such, separate property. Mylette v. Mylette, 531 N.Y.S.2d 489, 491 (N.Y.Sup.Ct. 1988).

Robert's retirement benefits had not vested and he had no choice other than to accept disability benefits. Thus New York law would treat the benefits as separate property. Therefore, I would reverse.