# IN THE SUPREME COURT OF THE STATE OF NEVADA

MONTRELL RUSSUM,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 79416

FILED

SEP 18 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of conspiracy to commit robbery, murder with the use of a deadly weapon, and robbery with the use of a deadly weapon. Eighth Judicial District Court, Clark County; Valerie Adair, Judge. Appellant Montrell Russum raises two main contentions on appeal.[1]

First, Russum argues that the district court erred by admitting screenshots of a SnapChat message on the victim's phone, allegedly sent by Russum, because they were not properly authenticated. As Russum failed to object below,[2] we review for plain error, *see Valdez v. State*, 124 Nev. 1172, 1190, 196 P.3d 465, 477 (2008) (reviewing unpreserved claims for

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted.

[2]Below, Russum objected to separate SnapChat records containing phone number, account, and subscription information, arguing they were not admissible as business records. To the extent Russum challenges those records on authentication grounds on appeal, we decline to address that argument. *See Powers v. Powers*, 105 Nev. 514, 516, 779 P.2d 91, 92 (1989) (explaining that parties "may not raise a new theory for the first time on appeal, which is inconsistent with or different from the one raised below").

20-34431

plain error), and conclude Russum has not demonstrated any error. The State is required to authenticate text-type messages from a cellular phone only where an objection has been lodged against a message's admissibility. *Rodriguez v. State*, 128 Nev. 155, 162, 273 P.3d 845, 849 (2012). But here, even though Russum failed to object, the State nevertheless authenticated the messages with witness testimony that Russum was messaging the victim through SnapChat right before the meet-up and subsequent shooting; facts in the message referencing specifics of the meet-up spot (address, gate code, complex name); and evidence regarding other calls and messages from Russum, indicating he had control over and possession of his phone that day. *See* NRS 52.015 (providing that authentication requirements can be met by "evidence or other showing sufficient to support a finding that the matter in question is what its proponent claims"); *Rodriguez*, 128 Nev. at 161, 273 P.3d at 849 (providing that circumstantial evidence can corroborate a message's author's identity, as can the message's "context or content" that is unique to the involved parties).

Second, Russum argues that reversal is warranted because the district court erred by admitting the testimony of an accomplice that was not independently corroborated. *See* NRS 175.291 (prohibiting convictions based on an accomplice's testimony unless it is corroborated by other evidence that independently connects the defendant to the crime). We disagree. Ample testimonial and circumstantial evidence—independent of the accomplice's testimony—connected Russum with the commission of the offenses. That evidence included eyewitness identification, Russum's girlfriend searching online for the victim's name before it was released to the public, Russum fleeing the state shortly after the crimes were committed, Russum deleting his SnapChat account the day after the crimes,

and pings from Russum's phone putting him close to the location of the crimes near the time they occurred. *See Cheatham v. State*, 104 Nev. 500, 504-05, 761 P.2d 419, 422 (1988) ("Corroboration evidence also need not in itself be sufficient to establish guilt, and it will satisfy the statute if it merely tends to connect the accused to the offense."); *see also Heglemeier v. State*, 111 Nev. 1244, 1250, 903 P.2d 799, 803 (1995) (providing that corroborative evidence may be direct or circumstantial). Accordingly, reversal is not warranted on this issue. We therefore

ORDER the judgment of conviction AFFIRMED.

_____, J.
Parraguirre

_____, J.
Hardesty

_____, J.
Cadish

cc:  Hon. Valerie Adair, District Judge
     Sandra L. Stewart
     Attorney General/Carson City
     Clark County District Attorney
     Eighth District Court Clerk