OPINION OF THE COURT
Albert H. Buschmann, J.
In this matrimonial action, both parties sought a divorce from each other. The major dispute was the ancillary relief requested by the plaintiff wife. She sought among other things an equitable distribution award of 50% of the defendant’s matured and paying disability pension.
The basic facts are as follows:
The parties were married on September 17, 1960 in Queens, New York. Plaintiff is 40 years old and the defendant husband is 53. There are two children of the marriage, Beatrice who is 21 years old and emancipated and Susan who was born on May 19, 1965. Plaintiff wife is employed earning approximately $10,000 per annum. In 1977, defendant husband was retired from the New York City Fire Department after 18 years of service due to job-related stress. He was granted a disability pension of ¾ of his final compensation or $15,024 per year. Thereafter, he went to work for an insurance company in the capacity of a security guard and his present income from that position is approximately $17,000 per year.
The major issue before the court was whether a matured and paying disability pension is subject to equitable distribution. The court answered the question affirmatively but *587 preferred not to take a hard and fast position as to what portion of the disability pay should be regarded as separate property of the spouse receiving it.
The court recognizes the disability retirement pay ordinarily constitutes compensation for personal anguish and diminished earning capacity, which may be considered “separate property” pursuant to section 236 (part B, subd 1, par c) of the Domestic Relations Law and not subject to equitable distribution.
The issue of the status of a spouse’s disability pension under equitable distribution has not previously been addressed in any reported decision in this jurisdiction. The defendant claimed a disability in 1977 and was retired. However, absent the disability he could have elected to retire at that time pursuant to section B19-7.871 of the Administrative Code of the City of New York having completed over 15 years’ service. Pursuant to subdivision d of the above section, the retirement allowance shall be:
“(1) An amount equal to:
“(i) in the case of any such original plan discontinued member * * * whose minimum period for service retirement is twenty years, two and one-half percent of his final compensation on the date of his discontinuance of‘Service,’ multiplied by the number of years of ‘Service’ credited to him on the date of such discontinuance; or
“(ii) In the case of any such original plan discontinued member * * * whose minimum period for service retirement is twenty-five years, two percent of his final compensation on the date of his discontinuance of ‘Service,’ multiplied by the number of years of ‘Service’ credited to him on the date of such discontinuance; and
“(2) An amount equal to fifty dollars for each year of city- . service credited to him, other than ‘Service.’ ”
Defendant received 75% or ¼ of his final compensation or $15,024 per year. Therefore, his final compensation must have been approximately $20,020.32. Applying the above to defendant’s final compensation after 18 years of service, if he retired pursuant to section B19-7.871, he would be entitled to a retirement allowance of approximately $9,990.
*588 The court looked to the decision of other States which have equitable distribution or community property statutes. The courts of Texas, California and Washington have previously considered the question of the characterization of disability pay either as separate or community property. (See Matter of Butler, 543 SW2d 147 [Tex]; Dominey v Dominey, 481 SW2d 473 [Tex], cert den 409 US 1028; Matter of Jones, 13 Cal 3d 457; Matter of Olhausen, 48 Cal App 3d 190; Matter of Cavnar, 62 Cal App 3d 660; Matter of Stenquist, 21 Cal 3d 779.)
The court agrees with the position taken by the Washington court in Matter of Kittleson (21 Wash App 344) in which the court preferred not to take a hard and fast position as to what portion of the disability pay should be regarded as the separate property of the primary recipient, on the one hand, or the community property of the spouses, on the other. Discussing some of the rationales that appeared in cases in other jurisdictions, including the rationale that a disability pension should be analogized to a personal injury recovery, the court stated generally that while the preferable course was to award to the retired spouse as part of his or her assets upon distribution, any compensation that arises from his or her disability, it was not required, that the court do so if the total distribution of assets would be unequitable. The court recognized that different circumstances may have led to the disability. The court stated (p 353): “Some disabilities are the result of long term exposure to injury, disease or impairment while employed during marriage, and some, as here, flow from injury, disease or impairment which did not result from employment but which will prevent the employee from engaging in the particular employment thereafter. An inflexible rule that required a disability pension to be classified as separate property would ignore the fact that some ‘disability’ pensions step into the place of a regular retirement pension and permit an earlier retirement and/or retirement with increased payments, others contain elements in the award attributable to an earned regular retirement pension along with elements which compensate for physical injury, and yet other awards are made for disability alone. We hold that to require an unwinding of *589 such awards in all cases would add a complexity to the trial court’s task which is not warranted and which we find to be unwarranted in this case. Further, we hold that it would be unwise by our pronouncement of an absolute rule to preclude an award to the other spouse in the future from a ‘disability’ pension when the extreme situation arises that would find one spouse able to look to a more than adequate disability pension while the other would be left destitute.”
Accordingly, this court holds that under the facts and circumstances of this case, that the portion of defendant husband’s disability pension which could be considered to represent, in effect, retirement pay based on longevity is “marital property” and subject to equitable distribution. (See Matter of Stenquist, supra; Hebron v Hebron, 116 Misc 2d 803.)
Section 236 (part B, subd 5) of the Domestic Relations Law enumerates the 10 considerations for the court’s determination in disposing the above property.
(1) The husband was a fireman for approximately one year prior to his marriage. His salary at the time of his retirement was approximately $20,020 per annum. His pension had vested at 15 years. The plaintiff wife has worked since 1972, now earning approximately $10,000 per annum. Throughout the marriage from 1972 to present she has earned one third of defendant’s salary.
(2) The parties have been married for 23 years. The question of defendant husband’s health seems excellent except for the psychological factor. Although he is presently employed as a security guard, the court does not have sufficient evidence to project his ability to continue work. He is 53 years of age, some 13 years older than plaintiff wife. There is no evidence that plaintiff suffers any physical disability.
(3) Since the court has found that both children are emancipated, the marital residence and the household effects should be sold and equally divided. Each party will receive in excess of $40,000.
(4) There appears to be no other information other than what has been previously mentioned and no separate property of any significant value. Each party will lose the right *590 to inherit from the other, and this right is more valuable to the plaintiff wife as the husband is much older. Defendant’s pension plan has been discussed and the loss to plaintiff of retirement income she would have shared in had the parties remained married is discussed above. In addition, the court notes that plaintiff wife is likely to inherit some moneys and properties from her mother.
(5) The court will award the plaintiff wife as maintenance the sum of $200 per month for a period of two years. This will be more fully discussed under the subheading of maintenance.
(6) The equitable claim to, interest in, or direct or indirect contributions made to the acquisition of the marital residence and the defendant’s pension have been discussed above.
(7) The liquidity of the marital property, the marital residence and the pension and the bank accounts are discussed above.
(8) The probable future financial circumstances of the parties are difficult to predict. Assuming no mental problems for the defendant husband he can continue his employment as a security guard earning approximately $17,000 per year.
The wife, who is only 40 years of age, without a college education or technical skills, works as a cashier in the food industry earning $10,000 per annum. The award of maintenance and the equitable distribution award of the court should permit her to be self-sufficient.
(9) The court has already discussed the difficulty of evaluating defendant’s pension.
(10) Finally, the court must consider the fact that plaintiff wife has no unemancipated children living with her and has a $50,000 life insurance policy on defendant, who is 13 years her senior, which she may elect to keep in effect.
It is the court’s decision under all circumstances and considering all the factors above that plaintiff is entitled to 47.22% of defendant’s pension pay which he would have received after 18 years of service, 17 of them married to plaintiff, if he had not been awarded a disability pension. *591 (Perri v Perri, 97 AD2d 399; Kobylack v Kobylack, 96 AD2d 831.)
The percentage was arrived at in the following manner: numerator — is the number of years the parties were married during which defendant was accumulating benefits; denominator — the total number of years defendant served prior to retirement. The court converted the same to a percentage and divided by 2.
Accordingly, wife should receive approximately $4,717.28 per year or approximately $393.11 per month. The court feels this is equitable under all the circumstances of this case.