■ EARL WEST, Respondent, v VELMA WEST, Appellant. — In a matrimonial action, defendant wife appeals, as limited by her brief, from stated portions of a judgment of divorce of the Supreme Court, Queens County (Buschmann, J.), dated February 17, 1983, which, *inter alia,* granted a divorce on the ground of constructive abandonment and distributed marital property. ¶ Matter remitted to the Supreme Court, Queens County, to hear and report on the extent to which plaintiff husband's disability pension constituted marital property subject to equitable distribution, and appeal held in abeyance in the interim. The Supreme Court, Queens County, shall file its report with this court with all convenient speed. ¶ In *Damiano v Damiano* (94 AD2d 132, 139), this court held that "pension benefits belonging to either spouse attributable to employment during the marriage, whether those benefits are vested or nonvested, and whether the plan is contributory or noncontributory, constitute marital property subject to equitable distribution upon divorce" (see, also, *Majauskas v Majauskas,* 94 AD2d 494, affd 61 NY2d 481; *Perri v Perri,* 97 AD2d 399; *D'Amato v D'Amato,* 96 AD2d 849). This rule evolved from recognition that a pension fund constitutes a form of deferred compensation derived from a spouse's employment (*Damiano v Damiano, supra,* p 137; see, also, *Reed v Reed,* 93 AD2d 105). ¶ A disability pension differs from a retirement pension to the extent that it constitutes compensation for personal injuries; such compensation is "separate property" (Domestic Relations Law, § 236, part B, subd 1, par d, cl [2]) which is not subject to equitable distribution (Domestic Relations Law, § 236, part B, subd 5, par b). However, where a disability pension may, in part, represent deferred compensation, it is indistinguishable from a retirement pension and is, to that extent, subject to equitable distribution (*Newell v Newell,* 121 Misc 2d 586). ¶ Therefore, this matter must be remitted to the Supreme Court, Queens County, for purposes of determining the nature and status of plaintiff husband's disability pension from the New

York City Police Department, including the monthly payments of $1,806, and a lump-sum payment of $9,454.97, in accordance with the foregoing principles. The Supreme Court is directed to conduct a hearing and file its report with this court with all convenient speed. Gibbons, J. P., Bracken, Niehoff and Rubin, JJ., concur.