◼ EARL WEST, Respondent, v VELMA WEST, Appellant.—In a matrimonial action, defendant wife appeals, as limited by her brief, from stated portions of a judgment of divorce of the Supreme Court, Queens County (Buschmann, J.), dated February 17, 1983, which, *inter alia,* granted plaintiff husband a divorce on the ground of constructive abandonment, and distributed marital property. By order of this court, dated May 14, 1984, the matter was remitted to the Supreme Court, Queens County, to hear and report on the extent to which plaintiff husband's disability pension constituted marital prop-

erty subject to equitable distribution, and the appeal was held in abeyance in the interim *(West v West,* 101 AD2d 834). A hearing was held on June 25, 1984, and a memorandum decision (Buschmann, J.), dated August 2, 1984 was issued.

Judgment modified, on the law and the facts, by striking the words "the sum of $60.00 per week" from the second decretal paragraph thereof, and substituting therefor the words "the sum of $181.12 per week". As so modified, judgment affirmed insofar as appealed from, without costs or disbursements.

Plaintiff, a former detective with the New York City Police Department, is receiving an accident disability pension of $21,733.55 per year as a result of a heart condition. We remitted the case to the Supreme Court, Queens County, for a hearing to determine the nature and status of plaintiff's disability pension and of a lump-sum payment plaintiff received as part of his pension payments, in accordance with the principles of *Damiano v Damiano* (94 AD2d 132), and *Newell v Newell* (121 Misc 2d 586).

At the hearing on remittitur, plaintiff's pension expert testified that the regular pension plaintiff would have been entitled to (had he retired when he did, without having incurred a heart condition) was $12,596.68 per year. To the extent of this amount, therefore, plaintiff's disability pension represents deferred compensation, is indistinguishable from a retirement pension, and is subject to equitable distribution *(Newell v Newell, supra; Damiano v Damiano, supra).* Considering the evidence adduced at trial in light of the statutory criteria, we award defendant 50% of that part of plaintiff's pension which represents deferred compensation, i.e., $6,298.34 per year, or $121.12 per week, which award is reflected in our modification of the second decretal paragraph.

The statement in the memorandum of Justice Buschmann, dated August 2, 1984, to the effect that plaintiff is relieved of the obligation to pay the expenses on the marital home, has no binding effect, since our remittitur was limited to a consideration of plaintiff's pension. In effect, Justice Buschmann found that defendant violated that part of the judgment which directed sale of the marital premises forthwith. Assuming such is the case, plaintiff's remedy is a motion at special Term for appropriate relief.

Similarly, Justice Buschmann's allocation of defendant's pension was not the subject of our remittitur and has no binding effect. Plaintiff never appealed from the judgment, and, therefor, that issue is not before us. In any case, there is

insufficient evidence in the record to arrive at an accurate valuation of defendant's pension.

We have considered defendant's other contentions and find them to be without merit. Gibbons, J. P., Bracken, Niehoff and Rubin, JJ., concur.