OPINION OF THE COURT
Joseph Colby, J.
Pursuant to Domestic Relations Law § 236 (B) (4) (b), plaintiff moves for an order holding that defendant’s disability pension with the New York City Police Pension Fund is a marital asset. Domestic Relations Law § 236 (B) (4) (b) provides that as soon as practicable after a matrimonial action has *608 been commenced, the court shall set the date or dates the parties shall use for the valuation of each asset. Said section has been construed as an avenue for determining, pretrial, whether a particular asset should be considered a marital asset or not (McGowan v McGowan, 136 Misc 2d 225 [Sup Ct, Suffolk County 1987]).
The parties herein were married on January 30, 1970, and soon thereafter (Feb. 9, 1970), defendant became employed as a New York City police officer, being classified as an Article II member of the New York City Police Pension Fund. As a result of a service-related disability, defendant was awarded a disability pension effective January 11, 1982. As an Article II employee, defendant was not entitled to, nor did he receive any pension benefits based upon longevity since, on the date of his disability pension award, he had not completed at least 15 years of police service, as required by the New York City Police Pension Fund for vesting purposes. Nevertheless, plaintiff contends that since the right to the accidental disability award arose during the marriage, and since, defendant up to the date of the disability award, would have had a nonvested pension entitlement, the value of the disability pension should be classified as marital property. The court disagrees.
Disability pay is closely related to three other types of classifiable property: pensions, workers’ compensation and personal injury recoveries. Like a pension, disability coverage constitutes a portion of the employee’s compensation. Moreover, both are forms of insurance. Pension coverage insures against loss of wages because of superannuation, the survival of the worker beyond retirement age. Disability coverage insures against loss of wages because of disability before superannuation (Blumberg, Marital Property Treatment of Pensions, Disability Pay, Workers’ Compensation, and Other Wage Substitutes: An Insurance, or Replacement, Analysis, 33 UCLA L Rev 1250 [1986]). In some States, a divorcing employee has an option of choosing between disability and retirement pay. In such cases, several jurisdictions have held that the portion of disability pay displacing retirement benefits earned during marriage, to which the employee would otherwise be entitled, is marital property (Villasenor v Villasenor, 134 Ariz 476, 657 P2d 889 [1982]; Luna v Luna, 125 Ariz 120, 608 P2d 57 [1979]; see, In re Marriage of Saslow, 40 Cal 3d 848, 710 P2d 346, 221 Cal Rptr 546 [1985]; In re Marriage of Stenquist, 21 Cal 3d 779, 582 P2d 96, 148 Cal Rptr 9 [1978]; Gilbert v Gilbert, 442 So 2d 1330 [La Ct App 1983]; Rohring v *609 Rohring, 441 So 2d 485 [La Ct App 1983]; Busby v Busby, 457 SW2d 551 [Tex 1970]; Dominey v Dominey, 481 SW2d 473 [Tex Civ App], cert denied 409 US 1028 [1972]; but cf., Ex parte Burson, 615 SW2d 192 [Tex 1981]). Other States, by focusing on the source of the coverage, marital labor, conclude that disability pay earned by marital labor is marital property (Guy v Guy, 98 Idaho 205, 560 P2d 876 [1977]; but see, Griggs v Griggs, 107 Idaho 123, 686 P2d 68 [1984]; Lookingbill v Lookingbill, 301 Md 283, 483 A2d 1 [1984]; In re Watson v Watson, 379 NW2d 588 [Minn App 1984]; In re Vanderleest v Vanderleest, 352 NW2d 54 [Minn App 1984]; Stroshine v Stroshine, 98 NM 742, 652 P2d 1193 [1982]; Hughes v Hughes, 96 NM 719, 634 P2d 1271 [1981]). Other courts refuse to apply a blanket rule and approach each case on an ad hoc basis (In re Marriage of Huteson, 27 Wash App 539, 619 P2d 991 [1980]; In re Marriage of Kittleson, 21 Wash App 344, 585 P2d 167 [1978]).
In New York, it has been held that a disability pension differs from a retirement pension to the extent that it constitutes compensation for personal injuries and such compensation is "separate property” (Domestic Relations Law § 236 [B] [1] [d] [2]; West v West, 101 AD2d 834 [2d Dept 1984], after remittitur 115 AD2d 601 [2d Dept 1985]). It is personal to the employee because it represents compensation for lost earnings as well as for pain and suffering (see also, Freeman v Freeman, 468 So 2d 326 [Fla Dist Ct App 1985]). However, where a disability pension may, in part, represent deferred compensation, it is indistinguishable from a retirement pension and is, to that extent, subject to equitable distribution (Newell v Newell, 121 Misc 2d 586 [Sup Ct, Queens County 1983]; see also, Ciliberti v Ciliberti, 542 A2d 580 [Pa Super Ct, June 10, 1988]).
Here, the benefits received are totally distinguishable from the New York City Police Pension Fund retirement benefits. Firstly, they are purely compensation for a line-of-duty-related knee injury which rendered defendant unfit for further New York City police duties. Secondly, his employment with the New York City Police Department was thereby terminated after only 12 years of service, three years short of vesting. While the law in New York is well settled that nonvested pension benefits are marital assets subject to equitable distribution (Damiano v Damiano, 94 AD2d 132 [2d Dept 1983]; Lentz v Lentz, 103 AD2d 822 [2d Dept 1984]; Cohen v Cohen, 104 AD2d 841 [2d Dept 1984]; but see, Majauskas v Majauskas, 61 NY2d 481, 491 [1984]), the court notes that at the time *610 said pronouncements were made, the applicable litigants were still employed and near attainment of vested status. Here, however, defendant’s employment with the New York City Police Department had terminated with virtually no prospects, due to his medical condition, of returning thereto. Plaintiff is simply attempting to do by indirection that which she cannot do by direction, i.e., cause classification of defendant’s disability pension as marital property. Lastly, defendant had no option of choosing between a regular retirement package and a disability pension. His sole option was disability pension. Accordingly, the court rules that his disability pension is his separate property and not subject to equitable distribution.
Plaintiff’s reliance on Harmon v Harmon (161 NJ Super 206, 391 A2d 552 [1978]) and In re Marriage of Smith (84 Ill App 3d 446, 39 Ill Dec 905, 405 NE2d 884 [1980]), which hold that a disability pension received by the husband was marital property available for equitable distribution is misplaced. Both cases are predicated on statutes which provided that all marital property acquired by either spouse during the marriage was "marital property”, with the Illinois statute containing a few specific exceptions.