■ MARY DEMARCO, Respondent-Appellant, v GAETAN DE-MARCO, Appellant-Respondent.—In an action for a divorce and ancillary relief, the defendant husband appeals and the plaintiff wife cross-appeals from stated portions of a judgment of the Supreme Court, Kings County (Spodek, J.), dated January 27, 1987, which, *inter alia,* determined the financial issues.

Ordered that the judgment is modified, on the facts and in the exercise of discretion, (1) by reducing the amount of the award of maintenance to the plaintiff for five years from $225 per week to $75 per week and deleting so much of the fifth decretal paragraph thereof as awarded her $100 per week after the expiration of the five-year period; (2) by deleting from the fifth section of the ninth decretal paragraph thereof, the words "$101,000.00 value of his police department pension", and substituting therefor the words "$98,475 which represents the value of his pension for 19 years and six months from April 1965 to October 1984"; (3) by deleting the eighth, ninth, tenth, eleventh, thirteenth, and fifteenth sections and subsection (b) of the twelfth section of the ninth decretal paragraph and substituting therefor provisions directing, respectively, that (a) the CATS coupon be sold and the proceeds divided equally between the parties, (b) the Yamner and Co. account be closed and the proceeds divided equally between the parties, (c) the Kansas Gas and Electric Company stock be sold and the proceeds be divided equally between the parties, (d) the defendant receive a credit for 50% of the $4,300 in cash spent by the plaintiff from savings kept in a safe in the marital residence, (e) the balance remaining in three Lincoln Savings Bank accounts after the distribution set forth in section 12 (a) of the ninth decretal paragraph be divided equally between the parties, (f) the defendant shall pay the plaintiff $20,400 (representing one half of the $40,800 stipulated balance in the First Nationwide Savings Bank account) less the defendant's share of the outstanding debt due the parties from the plaintiff's brother (i.e., one half of $5,000) and (g) the real property located in the State of New Jersey is to be disposed of as follows: each party is to appoint an appraiser who is familiar with the property values in the area in which the property is located and who shall appraise the property; in the event the appraisals are more than $15,000 apart, the 2 appraisers are to appoint a third ap-

praiser, and upon receipt of his report the average of the values set by the 3 appraisers shall be binding upon the parties, or, in the event the appraisals are less than $15,000 apart, the average of the values set by the 2 appraisers shall be binding upon the parties; the defendant shall have the option of purchasing the plaintiff's interest in the property at a price of one half of the value fixed in accordance with the foregoing procedure; if he elects to do so, the defendant must exercise his option within 10 days after service upon him of a notice of the value so fixed; the option shall be exercised in a writing to be served upon counsel for the plaintiff by certified mail, return receipt requested. The closing shall take place within 60 days after the exercise of the option; each party shall pay the fees of the appraiser appointed by him or her, and in the event a third appraiser is necessary, his fee shall be paid equally by the parties; if the defendant chooses not to purchase the plaintiff's interest, the property shall be sold and the proceeds divided equally between the parties, and (4) by deleting the tenth decretal paragraph thereof, and substituting therefor a provision that the parties shall be responsible for their own counsel fees and disbursements in this action; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, with costs to the plaintiff.

The parties herein were married in 1963. Their marriage was dissolved by the judgment at bar, which is dated January 27, 1987. At issue on this appeal are certain portions of the judgment which directed the distribution of the marital property.

The record reveals that the plaintiff wife, at the time of the marriage, had been employed as a bookkeeper, earning approximately $75 per week. She continued in this line of work until shortly before the birth of the parties' first child in 1966. A second child was born in 1969. The plaintiff held intermittent part-time positions throughout the marriage. The defendant husband, when the parties first married, had been employed as a commercial photographer. In 1965, he joined the New York City police force. The parties purchased the marital residence in 1965. By 1978, the parties had jointly saved the sum of approximately $50,000. However, in May of 1971, the defendant, while in the course of his employment as a police officer, was struck by a car. The parties, thereafter, commenced an action to recover damages for personal injuries and loss of services. This action was eventually settled for the sum of $265,851, which was apportioned as follows: $33,231 to plaintiff for her loss of consortium and $232,620 to the defen-

dant for his personal injuries. Their combined settlement had been invested and then reinvested in the names of both parties. The record discloses that their assets as of their receipt of the proceeds of the settlement in 1978 has appreciated to the extent of 44.6%. The defendant, however, has been unable to work since the accident. He has undergone two surgical procedures, including a hip replacement, and he testified that he still suffers great pain. According to the record, the parties' children are now emancipated.

Against this background, we find that the trial court properly awarded both parties possession of the marital residence. The defendant was awarded possession of the upstairs apartment and its contents; the plaintiff was awarded possession of the downstairs apartment and its contents. This arrangement was to continue until the youngest child of the marriage attained the age of 21 or was sooner emancipated. Since the youngest child is now emancipated, the parties, pursuant to the judgment appealed from, must sell the marital home and divide the proceeds equally. Although the defendant alleges that the Supreme Court abused its discretion in dividing the contents of the marital home, we find no merit to this contention. The record reveals that there was no specific division of the contents of the marital home, rather, the court merely suggested a scheme for dividing this property. Moreover, since the defendant never interposed any objection to the court's distribution of certain specific items of personal property, the issue has not been preserved for appellate review.

The defendant further alleges that the Supreme Court erred in awarding the plaintiff a portion of his police department pension. In *Damiano v Damiano* (94 AD2d 132, 139), this court held that "pension benefits belonging to either spouse attributable to employment during the marriage * * * constitute marital property subject to equitable distribution upon divorce. The marital property, however, shall include only that portion of the pension benefits which have accrued during the marriage and prior to the commencement of the divorce action". The defendant at bar joined the police force approximately two years after the parties were married. His disability pension was converted into a retirement pension in April 1985 on the twentieth anniversary of his having joined the force. The plaintiff commenced the instant action six months earlier, in October 1984. Thus, under the formula expressed in *Damiano,* the plaintiff is entitled to a percentage of the value of the pension which accrued during the 19 years and 6 months after the defendant joined the police department, to

wit, $98,475. The percentage awarded to the plaintiff, i.e., 40%, was appropriate under the circumstances.

The defendant additionally asserts that the pension award to the plaintiff should not be given in a lump sum. However, in *Damiano v Damiano (supra,* at 139), we declared that a lump-sum payment is advantageous because it provides an "immediate settlement of the pension distribution problem and * * * avoid[s] continued strife and uncertainty between the parties". Since the defendant, in the instant case, will have access to the proceeds of the sale of the marital home, it cannot be said that a lump-sum payment to the plaintiff will unduly burden him financially.

We do, however, find merit to the defendant's challenge to the maintenance award. The Supreme Court awarded the plaintiff the sum of $225 per week as maintenance for a five-year period and the sum of $100 per week thereafter, until she dies, cohabits or remarries. We conclude that the foregoing award is excessive and should be reduced to the sum of $75 per week for a period of five years. The record discloses that the plaintiff is now capable of earning $200 to $250 per week as a bookkeeper. The defendant, on the other hand, is unable to work as a result of his accident. In view of the fact that the plaintiff will be receiving, *inter alia,* a distributive lump-sum award of 40% of the value of the defendant's pension in addition to an equitable distribution of all other marital assets, the $75 per week figure, for the five-year period, is sufficient. For similar reasons, we also conclude that the plaintiff is financially able to pay for her own counsel fees.

Finally, we note that the major liquid assets of the parties emanate from the 1978 settlement of the defendant's personal injury action. The net proceeds of this settlement, i.e., $265,851 were invested in the name of both parties. Together they invested prudently and have realized a 44.6% gain on their awards. Although this gain was due, in part, to market forces, the record, nevertheless, discloses that the parties invested and reinvested, taking advantage of stocks, bonds and high-interest bearing accounts. Therefore, the appreciation of the personal injury award should be treated as marital property *(see, Price v Price,* 69 NY2d 8) and should be divided equally. The original awards, $33,231 to the plaintiff, and $232,620 to the defendant are, however, separate property and each party should be credited with the amount of their respective settlement *(see,* Domestic Relations Law § 236). Kunzeman, J. P., Eiber, Harwood and Balletta, JJ., concur.