■ Barbara Mylett, Appellant, v James P. Mylett, Respondent.—In a matrimonial action, in which the parties were divorced by judgment entered October 28, 1987, the wife

appeals from an order of the Supreme Court, Suffolk County (Colby, J.), entered August 9, 1988, which provides that the husband's "disability pension * * * is separate property and not subject to equitable distribution".

Ordered that the order is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings in accordance herewith.

The parties were married on January 30, 1970. There is one child of the marriage born on December 18, 1971. In 1984 the wife commenced an action for divorce and ancillary relief requesting, *inter alia,* equitable distribution of the marital property. A judgment of divorce was granted in October 1987 and the ancillary issues severed for trial. Thereafter, the plaintiff moved for a pretrial determination of the issue of whether the husband's disability pension from the New York City Police Pension Fund is marital property subject to equitable distribution.

On the papers submitted, the court determined that the disability pension was separate property and therefore excluded from equitable distribution. In a memorandum decision dated July 19, 1988, the court noted that as a result of a service-related disability the husband was awarded a disability pension effective January 11, 1982, after only 12 years of service and three years short of vesting. While observing that it is well settled that nonvested pension benefits are marital assets subject to equitable distribution, the court distinguished the instant case as not involving litigants who were still employed and near attainment of vested status, since the husband's medical condition precluded the pension from ever vesting. We disagree.

Disability payments received by an injured police officer before the vesting of his pension, are, to the extent that the payments represent deferred compensation, marital property subject to equitable distribution upon divorce. This court has previously held that pension benefits, whether vested or nonvested, whether contributory or noncontributory, whether termed disability, retirement, or ordinary retirement, constitute marital property subject to equitable distribution upon divorce *(see, DeMarco v DeMarco,* 143 AD2d 328, 330-331; *West v West,* 101 AD2d 834, *on remand* 115 AD2d 601; *Damiano v Damiano,* 94 AD2d 132, 139; *Majauskas v Majauskas,* 61 NY2d 481, *affg* 94 AD2d 494).

To the extent that a disability pension constitutes compensation for personal injuries, that compensation is "separate

property" which is not subject to equitable distribution *(see, Domestic Relations Law § 236 [B] [5] [b]; West v West,* 101 AD2d 834, *supra).* However, to the extent that the disability pension represents deferred compensation, it is subject to equitable distribution *(see, DeMarco v DeMarco, supra; West v West, supra; Musumeci v Musumeci,* 133 Misc 2d 139; *Newell v Newell,* 121 Misc 2d 586). Thus, in *DeMarco,* this court held that the husband's retirement pension (which had been converted to a retirement pension on the 20th anniversary of his having joined the police force, from accident disability payments occasioned by an injury in the seventh year of his police service), was marital property subject to equitable distribution *(see, DeMarco v DeMarco, supra,* at 330-331). In *West,* we directed the Supreme Court to determine to what extent the husband's accident disability pension represented deferred compensation constituting marital property *(see also, Musumeci v Musumeci, supra; Newell v Newell, supra).* The issue to be determined in the case of disability payments, whether they occur before or after vesting, is to what extent these payments represent deferred compensation subject to equitable distribution. The basis utilized by the New York City Police Pension Fund in computing disability retirement payments depends, in large part, upon the police officer's number of years of service and salary *(see,* Retirement and Social Security Law § 363 [e]). Police disability pensions awarded employees whose injuries have prevented them from attaining normal retirement age take into account that unfortunate and involuntary fact, and seek to grant those employees some portion of the deferred compensation to which they would have been entitled but for the unexpected event. In this respect, accident disability payments received prior to vesting are no different from accidental disability payments received after vesting, and to the extent these payments represent deferred compensation, they are indistinguishable from ordinary retirement pensions subject to equitable distribution *(West v West, supra,* at 602; *Newell v Newell, supra; Majauskas v Majauskas, supra).*

Accordingly, we reverse the order appealed from and remit the matter for a determination of what portion of the husband's accident disability retirement pension constitutes marital property subject to equitable distribution and for distribution of that property in accordance with the equitable distribution statute. Kunzeman, J. P., Rubin, Eiber and Miller, JJ., concur. *[See,* 140 Misc 2d 607.]

■ NYON SOOK LEE, Individually and as Executrix of BONG