■ ROSE M. ZABBIA et al., Plaintiffs, v PETER DICKS, Respondent, and BETTY D. MANNE, Defendant and Third-Party Plaintiff-Appellant, et al., Third-Party Defendant. (Action No. 1.) PETER DICKS et al., Respondents, v BETTY MANNE, Appellant, et al., Defendants. (Action No. 2.)—In two related actions to recover damages for personal injuries, etc., which were jointly tried on the issue of liability, Betty D. Manne, the defendant third-party plaintiff in action No. 1 and a defendant in action No. 2, appeals from so much of an order of the Supreme Court, Nassau County (McCabe, J.), dated November 18, 1988, as granted the branch of the respondents' motion which was to transfer the venue of the trial on damages in action No. 2 to Bronx County, and *sua sponte* transferred the venue of the trial on damages in action No. 1 to Bronx County.

Ordered that the order is reversed insofar as appealed from, on the law, the branch of the respondents' motion which was to transfer the venue of the trial on damages in action No. 2 is denied, the *sua sponte* transfer of the venue of the trial on damages in action No. 1 to Bronx County is vacated, and the matter is remitted to the Supreme Court, Nassau County, for a joint trial on damages.

The liability phase of two actions arising from a four-car collision in Bronx County was determined in a joint trial in Nassau County. After the verdict on liability, the jury was disbanded to allow for more discovery relevant to damages. Thereafter, the plaintiffs in action No. 2 moved for severance and transfer of the venue of action No. 2 to Bronx County, on the ground that Bronx County was a central location for the convenience of nonparty witnesses and medical witnesses residing chiefly in Connecticut. The Supreme Court directed, pursuant to CPLR 510 (3), that both actions be transferred and tried jointly as to damages in Bronx County.

On appeal, Betty D. Manne, the defendant third-party plaintiff in action No. 1 and a defendant in action No. 2, who bears the greatest liability for the accident pursuant to the jury verdict, opposes the transfer.

We find that under the facts and circumstances of this case the Supreme Court improperly transferred the venue of the joint trial on damages to Bronx County. Kunzeman, J. P., Rubin, Eiber and Miller, JJ., concur.