■ GERARD A. DOLAN, Appellant, v LOIS A. DOLAN, Respondent.—Mikoll, J. Appeals (transferred to this court by order of the Appellate Division, Second Department) (1) from an order of the Supreme Court (Charde, Jr., J.H.O.), entered July 21, 1989 in Dutchess County, which, inter alia, directed plaintiff to continue paying the mortgage payments on the marital property, and (2) from a judgment of said court ordering, inter alia, equitable distribution of the parties' marital property, entered September 1, 1989 in Dutchess County, upon a decision of the court.

The primary question presented on these appeals from Supreme Court's equitable distribution award is whether Supreme Court properly ruled that plaintiff was required to pay defendant a percentage of his ordinary disability pension from his former employer. Other issues raised include (1) whether the child support award was reasonable, (2) whether the court correctly calculated plaintiff's child support arrears, and (3) whether the court's determination that plaintiff be responsible for monthly mortgage payments pending sale of the marital residence was proper. The response to each question is in the affirmative. Thus, Supreme Court's order and judgment should be affirmed.

The parties to this litigation were married on July 23, 1966. Three children were born of the union. Plaintiff commenced this action on June 12, 1987. Upon trial, plaintiff withdrew his reply to defendant's counterclaim and introduced no proof in the divorce action. Defendant was granted a divorce upon her

counterclaim for abandonment and the equitable distribution issues were then tried.

At the time of trial, plaintiff was a full-time student at Marist College where he was also employed in the housekeeping department earning a gross salary of approximately $20,000. Plaintiff also received $811.84 in monthly pension benefits from his former employment with the New York City Department of Sanitation. Plaintiff lived in an apartment within walking distance of the college with one unemancipated son, Daniel, who also attended Marist. The other unemancipated son, Jonathan, lived with defendant at the marital home in the City of Poughkeepsie, Dutchess County. Defendant earned a gross salary of approximately $23,500 as an office assistant in a medical office in New York City.

Supreme Court, in the absence of expert testimony as to the value of the marital home which had been purchased in 1971 for $26,000, did not place a value on the residence, although plaintiff believed it to be worth from $150,000 to $200,000. Defendant believed it to be worth about $90,000 because of the repairs it needed. There was an outstanding mortgage balance on the residence of $24,000. This included a second mortgage used in part to purchase land in Long Island now said to be valued at $45,000. The court directed that both properties be sold with the net proceeds equally divided. Further, Supreme Court valued plaintiff's pension with his present employer at $9,314.81 and awarded defendant one half of that amount.

Supreme Court next found that 47.62% of plaintiff's sanitation pension was marital property and the remaining 52.38% was a disability payment and, thus, constituted separate property not subject to equitable distribution. The court then ruled that defendant was entitled to 50% of the pure pension portion of the $811.84 payment, equaling $193.30 per month. The court also determined that defendant was entitled to 23.81% of any future increase in the monthly sanitation pension payment. Further, defendant was found to be entitled to retroactive pension payments from the date of commencement of the action in the sum of $4,068.39.

Plaintiff had departed the marital home in October 1985 but nevertheless continued to pay the mortgage payments of $550. Supreme Court ruled that plaintiff was liable for the support of the parties' three children from the date of the commencement of this action until the date the eldest child reached age 21 on May 10, 1988. Based on an annual income of $27,390, plaintiff's support obligation was set at $685 per month. He was then found to be in arrears $135 per month ($550

monthly mortgage payment deducted from the $685 support obligation) for 11 months, or $1,485. The court further calculated that the proper amount of support for the period May 10, 1988 to September 1988, based on an annual income of $29,689.28, was $620 per month, less the $550 payment.

Custody of the then 15-year-old child, Jonathan, was awarded to defendant and his support was set at $100 per week. Supreme Court reasoned, however, that because defendant was obligated to pay plaintiff $75 per week for Daniel's support while he resided with plaintiff, a net difference of $25 per week was payable to defendant for Jonathan's support. Thus, arrears charged to plaintiff for Jonathan amounted to $650 (Sept. 1, 1988 to Mar. 1, 1989). Plaintiff was assessed a total of $2,555 in arrears for child support.

Plaintiff moved for reargument of Supreme Court's decision to recompute the amount of the child support obligation. Defendant cross-moved for an order directing plaintiff to pay the $550 mortgage payment until sale of the marital residence. Supreme Court granted the motion to reargue and adjusted an error in the arrears computation. Supreme Court then issued a supplemental order directing plaintiff to pay the $550 mortgage payment pending sale of the marital property. Plaintiff now appeals.

In our view, Supreme Court properly determined that plaintiff's monthly payment resulting from his sanitation department employment was, in part, retirement pension rather than disability pension, and that such portion was subject to equitable distribution. The court correctly ruled that defendant retired under the provisions of New York City Administrative Code § 13-167, which provides for ordinary disability after 10 years of service with the city (see, Administrative Code of City of New York § 13-167 [a] [1]). This pension is payable without regard to when, where or how the employee was disabled. As one must have accumulated 10 years of service with the city to qualify for an ordinary disability pension, payments thereunder are not solely compensation for injuries but are, in part, an award for length of service. Compensation for personal injuries is "separate property" not subject to equitable distribution; however, any payment of deferred compensation is subject to equitable distribution (see, West v West, 101 AD2d 834). Supreme Court properly reasoned that if plaintiff's pension had been calculated under New York City Administrative Code § 13-172 relating to normal retirement benefits, it would equal 47.62% of what he received.

Thus, the court's award to defendant of 50% of that percentage was not improper.

Turning to Supreme Court's award for child support and child support arrears, we find no abuse of the court's discretion in that regard (see, Beach v Beach, 158 AD2d 848; see also, O'Brien v O'Brien, 136 AD2d 531, 532).

We also reject plaintiff's argument that Supreme Court's order directing that he make the monthly mortgage payment pending sale of the marital home was equivalent to an award of maintenance. The financial circumstances of the parties were not equal. Defendant had substantial expense for travel to and from her employment and she received no medical insurance benefits from her employer. There has therefore been no abuse of the wide discretion vested in Supreme Court in fashioning an equitable distribution award (see, Niles v Niles, 157 AD2d 951).

Order and judgment affirmed, without costs. Mahoney, P. J., Casey, Mikoll, Yesawich, Jr., and Levine, JJ., concur.