OPINION OF THE COURT
Alexander, J.
On this appeal, plaintiff husband challenges the Appellate Division’s affirmance of Supreme Court’s determination that a portion of his ordinary disability pension received from the New York City Employees Retirement System is marital property and thus subject to equitable distribution pursuant to part (B) of section 236 of the Domestic Relations Law. We conclude that inasmuch as a portion of that ordinary disabil *465 ity pension represents deferred compensation related to length of employment occurring during the marriage, it constitutes marital property subject to equitable distribution. Thus, there should be an affirmance.
I
The parties to this litigation were married on July 23, 1966. Three children were born of the union. In 1969, plaintiff became employed by the New York City Department of Sanitation. Nine years later he injured his back when he fell from a sanitation truck. He could not work at all for approximately five weeks and was unable to perform his normal work routine when he returned to work. Eventually, he was retired on an ordinary disability pension pursuant to section 13-167 of the Administrative Code of the City of New York, effective April 17, 1980. At the time of his retirement, he had accumulated approximately 11 years of service with the Department of Sanitation, thus entitling him to pension benefits of $811.84 per month from the New York City Employees Retirement System. He subsequently became employed by Marist College where he then enrolled as a full-time student.
Plaintiff commenced this divorce proceeding in 1987, having left the marital home in 1985. Defendant wife counterclaimed for divorce charging abandonment. At trial, plaintiff withdrew his reply to the counterclaim and introduced no proof in the divorce action. Supreme Court granted defendant a divorce upon her counterclaim, and the equitable distribution issues were tried. The court concluded that 47.62% of plaintiff’s ordinary disability pension was marital property subject to equitable distribution and that the remaining 52.38% was a disability payment, and thus, was separate property not subject to equitable distribution.
In order to determine the allocation between retirement benefits and disability benefits, the court compared the pension benefit plaintiff would have received had he retired normally with the allowance plaintiff received under the ordinary disability retirement provision. If plaintiff had 15 years of service, he would have had vested regular pension benefits (see, Administrative Code § 13-173.1) computed under the formula for determining normal retirement allowances, and his pension would have been considerably less — it would have equalled 47.62% of what he received under the ordinary disability plan. Supreme Court concluded that 47.62% of the *466 ordinary disability pension was pure pension, and thus was marital property of which defendant was entitled to 50%. The court also determined that defendant was entitled to 23.81% of any future increase in the monthly pension payment as well as retroactive pension payments from the date of the commencement of the action.
The Appellate Division affirmed Supreme Court’s determination in all respects concluding that because the ordinary disability pension benefits plaintiff was receiving had a 10-year service requirement, such benefits were not solely compensation for injuries but were, in part, an award for length of service. It also concluded that the method used by Supreme Court to determine defendant’s award was proper (167 AD2d 654). For the reasons set forth below, we affirm.
II
The New York Legislature has determined that marital property shall include "all property acquired by either or both spouses during the marriage and before the execution of a separation agreement or the commencement of a matrimonial action” (Domestic Relations Law § 236 [B] [1] [c]). This Court has previously determined that pension benefits or vested rights to those benefits, except to the extent that they are earned or acquired before marriage or after commencement of a matrimonial action, constitute marital property (see, Majauskas v Majauskas, 61 NY2d 481, 490). That determination was consistent with the intent of the Legislature as embodied in Domestic Relations Law § 236 (B) (5) (d) (4) and accords with our understanding that a pension benefit is, in essence, a form of deferred compensation derived from employment and an asset of the marriage that both spouses expect to enjoy at a future date (Damiano v Damiano, 94 AD2d 132, 137). Allowing one spouse to share the pension benefit the other obtains through employment and considering such benefits to be marital property is also consistent with the concept of equitable distribution which rests largely on the view that marriage is, among other things, an economic partnership to which each party has made a contribution (id., at 138).
However, any compensation a spouse receives for personal injuries is not considered marital property and is not subject to equitable distribution (Domestic Relations Law § 236 [B] [1] [d] [2]). Thus, a number of courts in this State have distinguished a "retirement pension” from a pure "disability pen *467 sion” noting that the former is subject to equitable distribution whereas the latter, received as compensation for personal injuries, is not (see, e.g., Mylett v Mylett, 163 AD2d 463, revg 140 Misc 2d 607; West v West, 101 AD2d 834, after remittitur 115 AD2d 601; Newell v Newell, 121 Misc 2d 586).
Plaintiff argues that his disability pension should not be subject to equitable distribution. He points to the fact that he was not eligible to receive a normal retirement pension because he had not been employed a sufficient number of years to be vested. Thus, had he retired without a disability in April 1980, he would have received no pension benefit. He contends that the pension benefits he receives are based merely upon his disability and should not be considered marital property. These arguments are unavailing.
Plaintiff was retired pursuant to the retirement for ordinary disability provision of section 13-167 of the Administrative Code, which entitles a member of the city civil service to receive an ordinary disability pension if he or she "is physically or mentally incapacitated for the performance of duty and ought to be retired,” provided he or she "has had ten or more years of city-service and was a member or otherwise in city-service in each of the ten years next preceding his or her retirement” (Administrative Code § 13-167 [a] [1]). Thus, an employee may receive an ordinary disability pension even if the disability was not the result of a job-related accident, provided the employee satisfies the length of service requirement.
By contrast, a civil service member qualifying for a pension for "accident disability” does not have to satisfy a length of service requirement. Rather, the only requirement for entitlement to an "accident disability” pension is that the employee be "physically or mentally incapacitated for the performance of city-service, as a natural and proximate result of such city-service,” and that the "disability was not the result of wilful negligence” on the part of the employee (Administrative Code § 13-168 [a]). Thus, the statutory scheme distinguishes between eligibility for "regular,” "ordinary disability” and "accident disability” pensions on the basis of length of service; entitlement to a "regular” pension vests upon 15 years of service (Administrative Code § 13-173.1) and an "ordinary disability” pension upon 10 years of service (Administrative Code § 13-167 [a] [1]), whereas there exists no length of service requirement for an "accident disability” pension.
*468 As indicated previously, it is firmly established in our jurisprudence that an employee’s interest in " 'pension rights,’ the rights commonly accorded an employee and his or her spouse in a pension plan * * * except to the extent that [that interest] is earned before marriage or after commencement of a matrimonial action, is marital property” (Majauskas v Majauskas, 61 NY2d 481, 490, supra), the pension benefits constituting a form of deferred compensation derived from employment (West v West, 101 AD2d 834, supra). In the typical pension plan, the employee’s rights are incremental in that for each month or year of service, the employee receives credit which will enter into the computation of what the pension plan will pay to the employee (Majauskas v Majauskas, supra, at 490).
It is clear from the length of service requirement for the ordinary disability pension at issue here that plaintiff is being compensated for his length of service to the Department of Sanitation in addition to being compensated for the injuries he sustained. Indeed, implicit in the service requirement for this ordinary disability pension is the desire to provide employees whose injuries have prevented them from working until normal retirement age with some form of compensation for their injuries while also awarding them a portion of the deferred compensation to which they would have been entitled but for the injuries (see, e.g., Mylett v Mylett, 163 AD2d 463, 465, supra). Thus, to the extent plaintiff’s ordinary disability pension represents deferred compensation, it is indistinguishable from a retirement pension and therefore, to that extent, is subject to equitable distribution (see, e.g., Mylett v Mylett, 163 AD2d 463, supra; West v West, 101 AD2d 834, supra; Newell v Newell, 121 Misc 2d 586, supra; see generally, Annotation, Pension or Retirement Benefits as Subject to Award or Division by Court in Settlement of Property Rights Between Spouses, 94 ALR3d 176, § 13).
Accordingly, the order of the Appellate Division should be affirmed, with costs.
Chief Judge Wachtler and Judges Simons, Kaye, Titone, Hancock, Jr., and Bellacosa concur.
Order affirmed, with costs.