■ NANCY ANTENUCCI, Respondent, v ANTHONY ANTENUCCI, Appellant. [597 NYS2d 805] —Mercure, J. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Beisner, J.), entered March 27, 1992 in Dutchess County, which, *inter alia*, partially granted plaintiff's motion for certain pendente lite relief.

In this action for divorce, defendant appeals from an order of Supreme Court which (1) classified as plaintiff's separate property her interest in a commercial building situated at 699

Main Street in the City of Poughkeepsie, Dutchess County, and (2) directed defendant to pay pendente lite child support in the amount of $129 per week.

As a preliminary matter, in the absence of disputed facts, Supreme Court did not err in its pretrial consideration of the issue of whether the Main Street property was to be classified as marital or separate property *(see, Mylette v Mylette,* 140 Misc 2d 607, 608, *revd on other grounds* 163 AD2d 463; *see also, Anglin v Anglin,* 80 NY2d 553; *McGowan v McGowan,* 142 AD2d 355; *compare, Harley v Harley,* 157 AD2d 916, 917-918). In view of the statutory requirement that Supreme Court set the valuation date for each asset as soon as practicable after commencement of the matrimonial action (Domestic Relations Law § 236 [B] [4] [b]), we encourage a pretrial classification of assets whenever possible *(see,* Yovino, *The Authority and Obligation of the Trial Court to Classify Assets and Select Proper Valuation Dates Prior to Trial,* 23 NY St Bar Assn Fam L Rev No. 2, 25, 25-26 [1991]).

Turning now to the merits, we first conclude that Supreme Court erred in its determination that plaintiff's interest in the commercial building is her separate property. The parties' uncontroverted affidavits establish that plaintiff and her brother purchased the property, a rental building consisting of eight apartments and three commercial spaces, from plaintiff's mother for $150,000 in November 1984, approximately 14 years after the marriage of the parties and seven years prior to commencement of this action. The entire sale price was financed by a mortgage to the seller. The rental income from the building provides adequate funds for payment of the monthly mortgage payments of $1,372.37 and the additional expenses of renting and maintaining the property. It is undisputed that defendant has made no financial contribution to the purchase, operation or maintenance of the property (as appears to be the case with plaintiff as well), although he does claim to have shown vacant apartments, shoveled the sidewalks and performed other minor maintenance functions on various occasions.

It is plaintiff's contention, apparently credited by Supreme Court, that such a conveyance, "emanating from the familial relationship" between the parties thereto *(Lolli-Ghetti v Lolli-Ghetti,* 165 AD2d 426, 432, *lv denied* 78 NY2d 864), creates an interest in separate property even though acquired during the marriage. We disagree. "Marital property is broadly defined as 'all property acquired by either or both spouses during the marriage' (Domestic Relations Law § 236 [B] [1] [c]). Separate

property, which is specifically described as an exception to marital property, includes property 'acquired before marriage or property acquired by bequest, devise, or descent, or gift from a party other than the spouse' (Domestic Relations Law § 236 [B] [1] [d] [1])" *(Price v Price,* 69 NY2d 8, 11). Notably, the commercial building acquired by plaintiff and her brother fits into none of these or any of the other statutory categories of separate property *(see,* Domestic Relations Law § 236 [B] [1] [d]). Although the circumstances relied upon by Supreme Court could well support a distribution of this property to plaintiff after trial *(see, e.g., DeCabrera v Cabrera-Rosete,* 70 NY2d 879) and consideration of the statutory factors (Domestic Relations Law § 236 [B] [5] [c], [d]), there is no basis for classifying it as separate property in the first instance.

As for defendant's remaining contention, we merely reiterate that the appropriate remedy for an allegedly inequitable temporary award is a speedy trial of the action *(see, e.g., Filosa v Raven-Filosa,* 185 AD2d 225; *Gianni v Gianni,* 172 AD2d 487).

Weiss, P. J., Levine, Mahoney and Casey, JJ., concur. Ordered that the order is modified, on the law, with costs to defendant, by reversing so much thereof as classified plaintiff's interest in the property at 699 Main Street, Poughkeepsie, New York, as her separate property; it is determined that said interest in said property constitutes marital property subject to equitable distribution; and, as so modified, affirmed.