SHARP, Judge.
The husband appeals, and the wife cross-appeals, a final judgment of dissolution which equitably distributed the parties’ assets and liabilities and awarded the wife alimony. The husband argues the trial court did not have sufficient evidence before it to make a proportionate allocation between pension and disability benefits of an accidental disability retirement benefit he receives as a result of his former employment with the New York City Police Department. We agree and reverse. We find no merit in the wife’s cross-appeal.
The husband was a New York City police officer from 1973 to 1984, during all of which time the parties were married. He was separated from this employment on January 31, 1984, and immediately began receiving a benefit of $2,600 per month. The parties moved to Florida, and at the time of the dissolution, they had substantial assets, including a marital residence, a condominium in Gainesville, vehicles, furnishings, jewelry, life insurance policies, and a business.
At the final hearing, the husband alleged his accidental disability retirement was disability income and not subject to equitable distribution[1] to the wife. This characterization is based on an Internal Revenue Service ruling that payments made to New York City firemen and policemen from disability pensions are in the nature of workers’ compensations and are excludable from gross income. Rev.Rul. 72-45, 1972-1 Cum.Bull. 34(a)-l. At the final hearing, the wife offered a booklet prepared by the New York City Pension Fund which contained a general discussion of this income. The trial court determined, based on this booklet, that seventy-five percent of the accidental disability retirement benefit was a pension and thus a marital asset.[2] He then awarded the wife one-half of this seventy-five percent figure, or $990 per month, as her share.
We look to New York law to resolve this issue and discern the nature of these payments. The benefit received by the husband is referred to as an “accidental disability retirement allowance.” Retirement and Social Security Law § 363.a. (McKinney’s 1994), provides that such allowance consists of: (1) an annuity which shall be the actuarial equivalent of the member’s accumulated contributions; (2) a pension which is the actuarial equivalent of the reserve for increased take-home pay to which the member may be entitled, if any; and (3) a pension of ¾ of the member’s final average salary.
In determining the portion which represents retirement benefits in dissolution cases under its equitable distribution law, New York courts require specific, official evidence on the issue. Mylett v. Mylett, 163 A.D.2d 463, 558 N.Y.S.2d 160 (N.Y.A.D.2d Dept.1990); West v. West, 115 A.D.2d 601, 496 N.Y.S.2d 263 (N.Y.A.D.2d Dept.1985). The Mylett court noted that:
*1112 The basis utilized by the New York City Police Pension Fund in computing disability retirement payments depends, in large part, upon the police officer’s number of years of service and salary. (See, Retirement & Social Security Law s. 363[e].) [PJolice disability pensions awarded employees whose injuries have prevented them from attaining normal retirement age take into account that unfortunate and involuntary fact and seek to grant those employees some portion of the deferred compensation to which they would have been entitled but for the unexpected event, (emphasis supplied)
Id. at 558 N.Y.S.2d 162. See also Newell v. Newell, 121 Misc.2d 586, 468 N.Y.S.2d 814 (N.Y.Sup.1983).
The difference between a benefit received with and without disability can be considerable. In West, it was noted that the plaintiff, a former detective with the New York City Police Department, was receiving an accidental disability retirement allowance of $21,-733.55 per year, but would have been entitled to only $12,596.68 per year had he retired without a physical disability. There, a pension would have been only 58% of the pension/disability benefit, far less than the 75% figure arrived at by the trial court in this case.
It is apparent that the husband’s benefit in this ease represents both traditional retirement and disability income. Competent evidence is required to establish the allocation between pension and disability benefits. This cannot be established by an overall description, as contained in the brochure, about the benefit generally. The determination by the trial judge that seventy-five percent of the husband’s income from this source represented retirement is not based on evidence which considers the variables involved in a determination of this party’s specific benefit.
We therefore must reverse that portion of the final judgment and remand to the trial court with directions to give the husband[3] sufficient time to obtain an official statement from the New York City Pension Fund which denotes an allocation between the retirement and disability portions of the benefit. If the husband fails to obtain this information within a reasonable period of time, the trial judge may revisit the entire property distribution since the $990 monthly benefit awarded to the wife was an integral part of the scheme fashioned by the court. Schiller v. Schiller, 625 So.2d 856, 861 (Fla. 5th DCA 1993); Collinsworth v. Collins-worth, 624 So.2d 287 (Fla. 1st DCA 1993). This may include a change in the alimony award, if the trial court deems it to be necessary.[4]
REVERSED AND REMANDED.
DAUKSCH, J., concurs in conclusion only, without opinion.
GRIFFIN, J., concurs and concurs specially, with opinion.

. Benefits paid for noneconomic damages such as pain and suffering, loss of future wages and future medical expenses are the separate property of the party receiving the benefit. Weisfeld v. Weisfeld, 545 So.2d 1341 (Fla.1989); Stem v. Stem, 636 So.2d 735 (Fla. 4th DCA 1993).

. Diffenderfer v. Diffenderfer, 491 So.2d 265 (Fla.1986).

. Since the husband is the legal owner of this benefit we presume that only he has access to this information.

. Disability income may be viewed as a source for alimony. Freeman v. Freeman, 468 So.2d 326 (Fla. 5th DCA 1985); Baker v. Baker, 419 So.2d 735 (Fla. 1st DCA), pet. denied, 422 So.2d 842 (Fla.1982).