819 So.2d 837 (2002)
Kurt E. EDWARDS, Appellant,
v.
Carol Simone EDWARDS, Appellee.
No. 2D00-771.
District Court of Appeal of Florida, Second District.
May 8, 2002.
Rehearing Denied June 27, 2002.
*838 Mark A. Neumaier, Tampa, for Appellant.
Wanda J. Davis, Tampa, for Appellee.
WHATLEY, Judge.
The husband, Kurt E. Edwards, appeals the final judgment of dissolution of marriage. We affirm in all respects except as to the court's imposition of a qualified domestic relations order (QDRO) in connection with the husband's municipal pension as a firefighter. The trial court correctly recognized, pursuant to section 61.075(5)(a)(4), Florida Statutes (1999), that the husband's pension was a marital asset and that the wife, Carol Simone Edwards, had an interest therein. The problem is that the final judgment imposed a QDRO to secure the wife's interest. QDROs cannot be used to force direct payment to a nonparticipating spouse of a portion of a spouse's municipal pension benefits in order to achieve equitable distribution of marital assets. See Bd. of Pension Trs. v. Vizcaino, 635 So.2d 1012 (Fla. 1st DCA 1994).
Accordingly, we remand this cause for the trial court to fashion an alternative method of distribution regarding the subject pension. Communication by counsel with the appropriate municipal entity will be indispensable in achieving a correct and sustainable result.
Affirmed in part; remanded in part.
COVINGTON, J., and DANAHY, PAUL W., Senior Judge, concur.