932 So.2d 1165 (2006)
David F. RUMLER, Appellant,
v.
Victoria J. RUMLER, Appellee.
No. 2D05-2261.
District Court of Appeal of Florida, Second District.
June 28, 2006.
Matthew D. Branz of Paul & Elkind, P.A., DeLand, for Appellant.
Robert L. Vaughn, Fort Myers, for Appellee.
LaROSE, Judge.
David F. Rumler (the Husband) appeals the final judgment dissolving his marriage to Victoria J. Rumler (the Wife). He argues that the trial court erred in (1) ruling that his City of Homestead police pension was a marital asset subject to equitable distribution, (2) directing equitable distribution of approximately one-third of his pension to the Wife as permanent periodic alimony, and (3) ordering an unequal distribution of marital assets. Although the Husband receives a disability pension, the trial court treated the entire pension as a marital asset because the payment is calculated based upon the Husband's accrued retirement benefit. This was error. Additionally, without making specific findings, *1166 the trial court directed the Husband to pay the Wife's portion of his pension as permanent periodic alimony. This, too, was error. Thus, we reverse as to these two issues. The record amply supports the trial court's unequal distribution of marital assets. However, the trial court may reconsider that distribution in light of future proceedings on the alimony and pension issues.

Retirement Benefits Subject to Equitable Distribution
"[A] spouse's entitlement to pension or retirement benefits must be considered a marital asset for purposes of equitably distributing marital property." Acker v. Acker, 904 So.2d 384, 386 (Fla.2005) (quoting Diffenderfer v. Diffenderfer, 491 So.2d 265, 270 (Fla.1986)); see also § 61.075(5)(a)(4), Fla. Stat. (2003) (defining "marital assets" to include "[a]ll vested and nonvested benefits, rights, and funds accrued during the marriage in retirement, pension, profit-sharing, annuity, deferred compensation, and insurance plans and programs"); § 61.076(1) ("All vested and nonvested benefits, rights, and funds accrued during the marriage in retirement, pension, profit-sharing, annuity, deferred compensation, and insurance plans and programs are marital assets subject to equitable distribution."); Reyher v. Reyher, 495 So.2d 797, 799 (Fla. 2d DCA 1986).
The trial court concluded that the Husband's pension was a marital asset. See § 185.18(5), Fla. Stat. (2003). The Husband argues that his pension was a disability pension not subject to equitable distribution. See Gay v. Gay, 573 So.2d 180, 180 (Fla. 2d DCA 1991) (holding husband's "disability plan" was not marital asset) (citing Freeman v. Freeman, 468 So.2d 326, 328 (Fla. 5th DCA 1985) (holding retirement pension may be marital asset; disability pension designed to compensate employee for lost earnings and injuries (including pain and suffering) sustained on job not marital asset)).
When a disability pension is involved, the trial court must determine "what portion of the pension represents compensation for pain and suffering, disability and disfigurement, and what portion, if any, represents retirement pay." Brogdon v. Brogdon, 530 So.2d 1064, 1066 (Fla. 1st DCA 1988). Only the retirement portion is subject to equitable distribution. Id.; cf. Weisfeld v. Weisfeld, 545 So.2d 1341, 1345-46 (Fla.1989) (employing analytical approach focusing on purpose of personal injury compensation to determine what portion is marital property).
Under section 185.18(1), police officers may receive early retirement benefits if they have ten years of service and become disabled other than in the line of duty or if they become disabled in the line of duty with fewer than ten years' service.[1] The Husband falls into the latter category. His "disability retirement" payments are the accrued normal retirement benefit, but not less than forty-two percent of his average monthly compensation at retirement. See § 185.18(5).[2] Therefore, *1167 the accrued retirement benefit portion, if any, of the Husband's "disability" pension is actually deferred compensation. The trial court can equitably distribute only that portion. See Sweeney v. Sweeney, 583 So.2d 398, 398 (Fla. 1st DCA 1991); cf. Pilny v. Pilny, 658 So.2d 1110, 1112 (Fla. 5th DCA 1995) (explaining that police disability pensions grant employees some portion of deferred compensation to which they would have been entitled absent injuries preventing attainment of normal retirement age). If the deferred compensation portion is less than the minimum disability retirement benefit of forty-two percent of average compensation, the difference is a disability benefit not subject to equitable distribution.
The trial court did not make an allocation of the retirement and disability portions of the Husband's pension. Therefore, we reverse and remand for further proceedings to determine what portion of the Husband's pension, if any, is for his disability and, thus, excluded from equitable distribution. We note that the Husband may be able to obtain an official statement from his former employer that reflects the appropriate allocation. See id.

Payment of Pension as Alimony
The final judgment directed the Husband to pay a portion of his pension to the Wife as alimony because a municipal pension is not subject to equitable distribution by a qualified domestic relations order. § 185.25; Edwards v. Edwards, 819 So.2d 837, 838 (Fla. 2d DCA 2002); Carollo v. Carollo, 920 So.2d 16, 20 (Fla. 3d DCA 2004). Equity empowers the trial court to fashion an alternative remedy to safeguard the Wife's interest in the pension. Edwards, 819 So.2d at 838; see also Acker, 904 So.2d at 388 ("In dissolution cases, the trial judge possesses the broad, discretionary authority to do equity between the parties.").
[The court] is entitled to devise a remedy through other means to safeguard the former wife's interest in the pension which is rightfully hers, and to insure she receives the funds which are hers. It may be possible to construct a decree which requires payment of the pension funds to a trustee to be held in a joint account for the parties' joint benefit, and requires the trustee to distribute the funds when received to the party entitled to them. Or perhaps the former husband could be required to post a bond with the court to ensure the former wife receives her share of the funds on a timely basis. Failing that, the court is also free to reconsider the total equitable distribution and alimony scheme contemplated by the original decree and settlement, since a key portion of the total plan cannot now be achieved.
Bd. of Trs. of Orlando Police Pension Plan v. Langford, 833 So.2d 230, 235 (Fla. 5th DCA 2002).
The trial court ordered the Husband to pay thirty-two percent of his pension to the Wife as permanent periodic alimony. We cannot sustain this alternative for distribution absent the statutorily required findings for an alimony award. See § 61.08(2), Fla. Stat. (2003); Smith v. Smith, 912 So.2d 702, 703 (Fla. 2d DCA 2005); but see Broadfoot v. Broadfoot, 791 So.2d 584, 585 (Fla. 3d DCA 2001) (declining to reverse for absence of statutory findings where basis for alimony award *1168 reasonably clear and record supported it). Thus, we reverse on this point.
On remand, the trial court may, again, order alimony to distribute the Wife's portion, if any, of the Husband's pension, if supported by the required findings. Alternatively, the trial court may employ some other distribution method, such as those suggested in Langford, 833 So.2d at 235. However, as Langford aptly concludes, "these are cumbersome devices and costly. There ought to be a better remedy." Id. We agree; however, such changes are best left to the legislature.

Unequal Distribution of Assets
Finally, the Husband argues that the trial court erred in distributing marital assets unequally, ultimately redounding in favor of the Wife.
[S]ection 61.075(1) requires the trial court to distribute marital assets and liabilities between the parties beginning with the premise that an equal distribution should occur. However, where a justification is shown, a trial court may make an unequal distribution . . . .
Feger v. Feger, 850 So.2d 611, 614-15 (Fla. 2d DCA 2003) (citing Canakaris v. Canakaris, 382 So.2d 1197, 1204 (Fla.1980)). The final judgment sets forth detailed, thorough findings supporting the unequal distribution of marital assets.
If the trial court determines, on remand, that some portion of the Husband's pension is a disability benefit excluded from distribution, it may reconsider the total equitable distribution and alimony scheme contemplated by the original final judgment in order to arrive at a just result.
Reversed and remanded.
FULMER, C.J., and CASANUEVA, J., Concur.
NOTES
[1] (1) A police officer having 10 or more years of credited service, or a police officer who becomes totally and permanently disabled in the line of duty, regardless of length of service, may retire from the service of the city under the plan if he or she becomes totally and permanently disabled as defined in subsection (2) by reason of any cause other than a cause set out in subsection (3) on or after the effective date of the plan. Such retirement shall herein be referred to as disability retirement.
[2] (5) The benefit payable to a police officer who retires from the service of the city with a total and permanent disability as a result of a disability is the monthly income payable for 10 years certain and life for which, if the police officer's disability occurred in the line of duty, his or her monthly benefit shall be the accrued retirement benefit, but shall not be less than 42 percent of his or her average monthly compensation as of the police officer's disability retirement date. If after 10 years of service the disability is other than in the line of duty, the police officer's monthly benefit shall be the accrued normal retirement benefit, but shall not be less than 25 percent of his or her average monthly compensation as of the police officer's disability retirement date.