771 So.2d 1251 (2000)
Patrick John MOTIL, Appellant,
v.
Victoria Louise MOTIL, Appellee.
No. 2D99-3139.
District Court of Appeal of Florida, Second District.
November 8, 2000.
Larry C. Hoffman, Clearwater, for Appellant.
M. Katherine Ramers of Ramers & Stephens, P.A., Dunedin, for Appellee.
DAVIS, Judge.
Patrick John Motil, the husband, challenges the income deduction order requiring his pension plan in Ohio to make payments to Victoria Louise Motil, the wife, through the Pinellas County Central Depository. He argues that the trial court impermissibly used the income deduction order to effectuate the court's equitable distribution scheme. We agree and reverse.
Section 61.1301, Florida Statutes (1997), specifically limits a trial court's utilization of income deduction orders to those payments that represent alimony or child support. In entering the income deduction order here, however, the trial court was not directing the payment of alimony or child support. Despite labeling the payments as "permanent non-modifiable spousal support and/or alimony," the court clearly intended the payments, which represented the wife's fifty percent share of the husband's retirement benefits, to effectuate the trial court's equitable distribution plan. The parties had specifically agreed to draft the language of the order so as to comport with Ohio law because Ohio, like Florida, limits the use of income *1252 deduction orders to those payments that represent alimony or child support.
The wife argues that the husband agreed to this language and therefore should now be estopped from raising this issue on appeal. However, the law is clear that income deduction orders may not be used to achieve equitable distribution of the parties' marital assets. See § 61.1301, Fla. Stat. (1997); Board of Pension Trustees of City General Employees Pension Plan v. Vizcaino, 635 So.2d 1012, 1015 (Fla. 1st DCA 1994). Because the order on appeal is in direct contravention of the law, it must be reversed.
Reversed and remanded for proceedings consistent with this opinion.
PARKER, A.C.J., and CASANUEVA, J., Concur.