NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

SCOTT DOMINIC PALMATEER, )
)
        Appellant, )
)
v. )    Case No. 2D18-54
)
NICOLE JEAN PALMATEER, )
)
        Appellee. )
_____ )

Opinion filed December 5, 2018.

Appeal from the Circuit Court for
Collier County; Geoffrey H. Gentile,
Judge.

Toni A. Butler of Alderuccio & Butler,
LLC, Naples; and Beverly L. Brennan,
Naples, for Appellant.

Alexander C. Peterson of Family First
Legal Group, Naples, for Appellee.


ROTHSTEIN-YOUAKIM, Judge.

        In this marital dissolution appeal, we reverse the final judgment to the

extent that the trial court adjudicates and retains jurisdiction to enter and modify an

income deduction order (IDO) in favor of the Former Wife against the Former Husband's

municipal pension plan to effect the equitable distribution of a marital asset to which the

Former Wife is indisputably entitled.  See § 61.075(6)(a)(1)(d), Fla. Stat. (2015)

(defining "marital assets" to include "[a]ll vested and nonvested benefits, rights, and funds accrued during the marriage in . . . pension . . . plans and programs"). Our precedent and the pertinent statutes constrain us to reverse notwithstanding that the parties not only failed to bring that precedent and those statutes to the trial court's attention but agreed to the entry of the IDO. See §§ 61.1301, 185.25, Fla. Stat. (2017); Motil v. Motil, 771 So. 2d 1251, 1251-52 (Fla. 2d DCA 2000) (reversing the imposition of an IDO to effect the equitable distribution of the former husband's pension plan despite the former husband's agreement to the entry of an IDO because an IDO in this context "is in direct contravention of the law"); see also Edwards v. Edwards, 819 So. 2d 837, 838 (Fla. 2d DCA 2002) ("[Qualified domestic relations orders] cannot be used to force direct payment to a nonparticipating spouse of a portion of a spouse's municipal pension benefits in order to achieve equitable distribution of marital assets.").

In so doing, we recognize the trial court's extensive efforts to find a workable solution in an acrimonious situation. We also recognize, as have other district courts of appeal, the difficulties created when a trial court is statutorily foreclosed from using one of its most effective and cost-efficient tools for enforcing the equitable distribution of a marital asset to which the former spouse is statutorily entitled.[1] See, e.g., Bd. of Trs. of Orlando Police Pension Plan v. Langford, 833 So. 2d 230, 235 (Fla. 5th DCA 2002) (suggesting alternatives to ordering direct payments from a municipal pension plan to the former spouse as part of an equitable distribution but observing that

_____

[1]It is well settled that a trial court may not enforce an equitable distribution award through its contempt power. See Pipitone v. Pipitone, 23 So. 3d 131, 135-36 (Fla. 2d DCA 2009) (collecting cases).

"these are cumbersome devices and costly" and that "[t]here ought to be a better remedy").

Consequently, we urge the legislature to revisit a scheme that relegates to the position of any other creditor a former spouse who is entitled—by statute—to the equitable distribution of a municipal pension plan. In the meantime, however, we reverse, and we remand for the trial court to consider other options.

Reversed; remanded for further proceedings.


LaROSE, C.J., and CASANUEVA, J., Concur.